In the Matter of the Title, Ballot Title and Submission Clause, and Summary Approved January 19, 1994 and February 2, 1994, for the PROPOSED INITIATED CONSTITUTIONAL AMENDMENT CONCERNING THE FAIR TREATMENT OF INJURED WORKERS AMENDMENT.

Neil D. O'Toole and Jack Hawkins, Petitioners,

and

Carlene Walker and Tom Jackson, Respondents,

and

Natalie Meyer, Steve Erkenbrack and Rebecca Lennahan, Title Setting Board.

No. 94SA50.

Supreme Court of Colorado, En Banc.

April 18, 1994.

As Modified on Denial of Rehearing May 2, 1994.

Neil D. O'Toole, pro se.

Jack Hawkins, pro se.

Berry & Singer, John Berry, Denver, for respondents.

Gale A. Norton, Atty. Gen., Stephen K. Erkenbrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice G. Knaizer, Deputy Atty. Gen., Gen. Legal Services Section, Denver, for Title Setting Bd.

Justice MULLARKEY delivered the Opinion of the Court.

In this original proceeding brought pursuant to section 1–40–107(2), 1B C.R.S. (1993 Supp.), petitioners Neil D. O'Toole and Jack Hawkins, registered electors of the State of Colorado, challenge the title, ballot title and submission clause, and summary formulated by the Title Setting Board (Board) for a proposed initiated constitutional amendment. The proposed initiative would amend Article II of the Colorado Constitution to declare that the workers' compensation system needs to provide quick and efficient delivery of disability benefits to injured workers at a reasonable cost to employers, without the need for litigation, and that injured workers have the right to prompt medical treatment for their work-related injuries. The text of the proposed initiative and its title, ballot title and submission clause, and summary are appended to this opinion. Petitioners contend: that the title, ballot title and submission clause, and summary do not fairly and correctly express the true intent of the proposed amendment; that the proposed amendment conflicts with another proposed initiative previously selected for the same election; and that the proposed initiative impermissibly contains a catch phrase or slogan. We affirm the ruling of the Board.

## I

■ In reviewing the Board's title setting process, the law is settled that "this court does not address the merits of the proposed initiative and should not interpret the meaning of proposed language or suggest how it will be applied if adopted by the electorate; we should resolve all legitimate presumptions in favor of the Board; and we will not interfere with the Board's choice of language if the language is not clearly misleading." *In re Title, Ballot Title and Submission Clause, and Summary Pertaining to Proposed Election Reform Amendment,* 852 P.2d 28, 31–32 (Colo.1993) (*In re Election Reform Amendment*); *In re Title, Ballot Title and Submission Clause, and Summary Pertaining to Workers Comp. Initiative,* 850 P.2d 144, 146 (Colo.1993) (*In re Workers Comp. Initiative*). We do not consider whether the Board set the best possible title, ballot title and submission clause and summary. Rather, our duty is to ensure that the title, ballot title and submission clause, and summary fairly reflect the proposed initiative so that petition signers and voters will not be misled into support for or against a proposition by reason of the words employed by the Board. *In re Proposed Initiated Constitutional Amendment Concerning Limited Gaming in Town of Burlington,* 830 P.2d 1023, 1026 (Colo.1992) (*In re Limited Gaming in Burlington Amendment*).

Carlene Walker and Tom Jackson have proposed a constitutional amendment which

will declare (1) that the workers' compensation system needs to provide quick and efficient delivery of disability benefits to injured workers at a reasonable cost to employers without the need for litigation as may be determined by legislation passed by the General Assembly and signed by the Governor, and (2) that injured workers have the right to prompt medical treatment for their work-related injuries as may be determined by legislation passed by the General Assembly and signed by the Governor. Walker and Jackson submitted their proposed amendment to the Board, which fixed the title, ballot title and submission clause, and summary. Petitioners filed a timely motion for rehearing with the Secretary of State. At the conclusion of the rehearing, the Board voted to retain the title, ballot title and submission clause, and summary originally fixed by the Board. Petitioners then filed this original proceeding for review of the Board's action. *See* § 1–40–107(2), 1B C.R.S. (1993 Supp.)

## II

We first address the question of whether the title, ballot title and submission clause set by the Board "correctly and fairly express the true intent and meaning" of the proposed initiative as required by section 1–40–106(3)(b), 1B C.R.S. (1993 Supp.). Petitioners contend that the Board failed on three separate grounds to satisfy this requirement. We will address each argument in turn.

First, petitioners claim that the title, ballot title and submission clause, and summary should be required to indicate to the electorate that the primary intent of the proposed amendment is to limit the people's right, under Article V, section 1 of the Colorado Constitution, to "propose laws and amendments to the constitution and to enact or reject the same at the polls independent of the general assembly" where such laws concern the workers' compensation system. To support this claim, petitioners cite the language of the proposed amendment, which states that the workers' compensation system needs to provide quick and efficient delivery of disability benefits and that injured workers have the right to prompt medical treatment for their work-related injuries "*as may be determined by legislation passed by the general assembly and signed by the governor.*" (Emphasis added.) Petitioners argue that the title, ballot title and submission clause or summary should warn voters that this language effectively insulates workers' compensation laws from amendment or repeal through the initiative process. We disagree. Even if we assume, *arguendo,* that the proposed amendment could somehow limit the initiative process in this area,[1] there is no requirement that the title, ballot title and submission clause or the summary state the effect an initiative may have on other constitutional and statutory provisions. *In re Election Reform Amendment,* 852 P.2d at 33; *In re Limited Gaming in Burlington Amendment,* 830 P.2d at 1027–28. Moreover, any potential effect the proposed amendment may have upon the people's right to enact or reject laws through the initiative process is a question of constitutional interpretation and, as such, is not subject to review in this proceeding. *In re Title, Ballot Title, Submission Clause and Summary Pertaining to Proposed Initiative on Surface Mining,* 797 P.2d 1275, 1279 (Colo.1990). The Board in this case correctly declined to speculate about the possible effect of a proposed constitutional amendment on other parts of the constitution. Thus, we reject petitioners' initial challenge to the title, ballot title and submission clause, and summary as fixed by the Board.

Second, petitioners claim that the Board should have included in the title, ballot title and submission clause or summary some reference to the proposed amendment's express purpose of ensuring that disability benefits are to be provided "at a reasonable cost to *employers* " (emphasis added), regardless of whether the amount of benefits is reasonable to the injured *employees.* Once again, petitioners' argument is based on their interpretation of the proposed initiative, not on its

---

1. We point out that the "insulation" effect described by petitioners is based solely upon their interpretation of the purpose behind the initiative. The plain language of the proposed initiative does not attempt to limit the people's right to enact a later amendment repealing its provisions.

express language. The Board is not required to describe every feature of a proposed measure in the title or submission clause. *In re Limited Gaming in Burlington Amendment,* 830 P.2d at 1026. Rather, the title must correctly and fairly express the true meaning of the proposed initiative, and the submission clause should be brief and should unambiguously state the principle of the provision sought to be added. *Id.;* §§ 1–40–106(3)(a) & (b). In this case, the fact that disability benefits are to be provided "at a reasonable cost to employers" is not essential for purposes of setting the title. Such language was borrowed directly from the legislative declaration of the Colorado Workers' Compensation Act, *see* section 8–40–102(1), 3B C.R.S. (1993 Supp.),[2] and does not create a new legal standard which is likely to be controversial. *See In re Proposed Initiative on Parental Notification of Abortions for Minors,* 794 P.2d 238, 242 (Colo.1990) (title must reflect fact that proposed initiative "adopts a legal standard that is new and likely to be controversial"). The Board has considerable discretion in performing its functions and it did not err in omitting this phrase from the title, the ballot title and submission clause and the summary.

■ Third, petitioners claim that the title, ballot title and submission clause, and summary fail to indicate that the proposed amendment would permit the Governor to exercise a heretofore unrecognized "pocket veto" when presented with legislation concerning workers' compensation.[3] The argu-

ment is that by declaring the right of injured employees to disability benefits "as may be determined by legislation passed by the general assembly *and signed by the governor*" (emphasis added), the proposed initiative effectively will amend the legislative procedure established in Article IV, Section 11 of the Colorado Constitution[4] without providing notice of such effect in the title or submission clause. As we discussed above, however, the potential effect of a proposed initiative on other constitutional or statutory provisions need not be included in the title or submission clause. In performing its title-setting function, the Board may not speculate on how a potential amendment would be interpreted and, if possible, harmonized with other relevant provisions. Such considerations are far beyond the scope of our review of the titles and summary of an initiative petition. *In re Election Reform Amendment,* 852 P.2d at 33 n. 2.

### III

■ Petitioners also argue that the Board erred when it did not include in the title of the proposed amendment reference to the fact that the amendment, if passed, is intended to, and in fact would, override the Workers' Choice of Care Amendment, a separate proposed constitutional amendment. *See In re Workers Comp. Initiative,* 850 P.2d 144 (reviewing challenge to titles and submission clause as set by the Board for the proposed Workers' Choice of Care Amendment). The

2. The General Assembly first included the phrase "at a reasonable cost to employers" in its declaration of workers' compensation policy in 1989. *See* § 8–40–101.5, 3B C.R.S. (1989 Supp.). It has remained in the statute since that time, despite several amendments and a recodification. *See* § 8–40–102, 3B C.R.S. (1993 Supp.)

3. Respondents Walker and Jackson urge us not to consider this argument in light of petitioners' failure to raise it in their motion for rehearing before the Board. In light of the fact that (1) nothing in the statutory scheme requires the registered electorate to participate in the hearing at which the titles, summary and submission clauses are fixed, (2) registered electors are not required to appear and argue the merits of the petition for rehearing before the Board, and that (3) petitioners timely filed a motion for rehearing, we will address the merits of this argument.

*See In re Workers Comp. Initiative,* 850 P.2d at 147.

4. The relevant provision reads as follows:

Every bill passed by the general assembly shall, before it becomes law, be presented to the governor. If he approve, he shall sign it, and thereupon it shall become law; but if he do not approve, he shall return it, with his objections, to the house in which it originated, which house shall enter the objections at large upon its journal, and proceed to reconsider the bill. If then two-thirds of the members elected agree to pass the same, it shall be sent, together with objections, to the other house, by which it shall likewise be considered and if approved by two-thirds of the members elected to the house, it shall become law notwithstanding the objections of the governor.
Colo. Const. art. IV, § 11.

two proposals may appear on the same ballot; according to petitioners, the Workers' Choice of Care Amendment has been certified for inclusion on the November 1994 ballot. In support of their argument, petitioners rely on the proposition that the titles and submission clause should reflect the intent of the proposed initiative. Petitioners have failed to establish, however, that evidence of an intent on the part of the proponents of the present proposal to override the Workers' Choice of Care Amendment was presented before the Board. The only evidence cited by petitioners to show such an intent is a comment made by John Berry, the representative of respondents Walker and Jackson at the title setting hearing, indicating his view that the proposed initiative may affect Article V of the Colorado Constitution. Berry also stated, however, that whether this measure would conflict with the Workers' Choice of Care Amendment was "something for the courts to determine" and that the principal intent of the proposed amendment in this case was to ensure that the workers compensation system continued to emphasize the importance of the "quick and efficient delivery of disability benefits."

Furthermore, nothing prevents two conflicting amendments from being proposed or even adopted at the same election. *See In re Interrogatories Propounded by Senate Concerning House Bill 1078*, 189 Colo. 1, 536 P.2d 308 (1975) (where two constitutional amendments are adopted which are in direct, material conflict, one receiving greatest number of "yes" votes prevails). What is prohibited are conflicting ballot titles which fail to distinguish between overlapping or conflicting proposals. According to section 1–40–106(3)(b), "ballot titles shall ... not conflict with those selected for any petition previously filed for the same election...." In our view, there is no discernible conflict between the two ballot titles in question. The ballot title and submission clause proposed in this case frames the question as whether the constitution should be amended to declare that the workers' compensation system needs to provide quick and efficient delivery of disability benefits and that injured workers have a right to prompt medical treatment. *See* Appendix to this opinion. By contrast,

the ballot title and submission clause for the proposed Workers' Choice of Care Amendment frames the issue as whether the constitution should be amended to specify that workers' compensation benefits include all reasonable and necessary treatment, to allow injured workers to choose health care providers, and to subject provider fees to state regulation. *See In re Workers Comp. Initiative*, 850 P.2d at 149. Thus, the ballot titles do not conflict and any potential substantive conflict between the two proposals cannot be resolved unless and until both are adopted by the voters. Accordingly, we reject petitioners' claim that the Board erred in not specifying in the title or submission clause that the proposed amendment conflicts with the Workers' Choice of Care Amendment.

## IV

■ Petitioners also argue that the Board erred by sanctioning the use of an impermissible catch phrase or slogan in the proposed initiative. Specifically, petitioners contend that the phrase "Fair Treatment of Injured Workers Amendment" is misleading and confusing. We disagree.

■ It is important to note at the outset that the phrase challenged by petitioners is not included in the title, ballot title and submission clause, or the summary. Therefore, their reliance upon *Say v. Baker*, 137 Colo. 155, 322 P.2d 317 (1958), is misplaced. In that case, we held that catch phrases or political slogans which are well-known or arguably inflammatory should not be included in the title, ballot title and submission clause or in the summary. *Id.; In re Workers Comp. Initiative*, 850 P.2d at 147. The reason for prohibiting the use of a catch phrase in the title or ballot title and submission clause is to prevent possible voter confusion or unfair prejudice for or against a proposed measure by reason of the words chosen by the Board. *See In re Workers Comp. Initiative*, 850 P.2d at 146; *cf. In re Title, Ballot Title and Submission Clause, and Summary Pertaining to Initiative Concerning Taxation III*, 832 P.2d 937, 941 (Colo.1992) (title should not mislead voters as to effect of a "yes" or "no" vote). We have never struck

down a phrase *found only in the proposed initiative itself* on the ground that it is an unfair catch phrase or slogan, however, because the content of the proposed initiative is not subject to review before the initiative process runs its course and the measure is actually adopted. *McKee v. City of Louisville*, 200 Colo. 525, 616 P.2d 969 (1980). Because petitioners do not claim that the Board used any catch phrase in the title, ballot title and submission clause or summary, their claim is without merit.

## V

In summary, we conclude that the title, ballot title and submission clause, and summary as fixed by the Board fairly and correctly express the true intent of the proposed amendment. We also hold that the title and submission clause need not include reference to the fact that the initiative eventually may be determined to conflict with a separate proposed initiative selected for the same election. Lastly, we conclude that the Board did not use a catch phrase or slogan in the title, ballot title and submission clause, or in the summary. Accordingly, we affirm the ruling of the Board.

### APPENDIX

The text of the proposed initiative is as follows: Be it enacted by the People of the State of Colorado: Article II of the Constitution is amended by the addition of a new section to read:

**Fair treatment for injured workers.** (1) This amendment shall be known and may be cited as the "Fair Treatment for Injured Workers Amendment."

**Rights of injured workers protected.** (2) We the People do hereby find and declare that the workers' compensation system needs to provide quick and efficient delivery of disability benefits to injured workers at a reasonable cost to employers without the need for any litigation as may be determined by legislation passed by the general assembly and signed by the governor.

**Right to medical treatment.** (3) We the People do hereby find and declare that injured workers have the right to prompt medical treatment for their work related injuries as may be determined by legislation passed by the general assembly and signed by the governor.

The title prepared by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION TO DECLARE THAT THE WORKERS' COMPENSATION SYSTEM NEEDS TO PROVIDE QUICK AND EFFICIENT DELIVERY OF DISABILITY BENEFITS AND THAT INJURED WORKERS HAVE THE RIGHT TO PROMPT MEDICAL TREATMENT.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION TO DECLARE THAT THE WORKERS' COMPENSATION SYSTEM NEEDS TO PROVIDE QUICK AND EFFICIENT DELIVERY OF DISABILITY BENEFITS AND THAT INJURED WORKERS HAVE THE RIGHT TO PROMPT MEDICAL TREATMENT?

The summary prepared by the Board is as follows:

This measure declares that the workers' compensation system needs to provide quick and efficient delivery of disability benefits to injured workers, at a reasonable cost to employers, without the need for litigation. It also declares that injured workers have the right to prompt medical treatment for work-related injuries. The measure declares these conditions subject to legislation passed by the general assembly and signed by the governor.