877 P.2d 329 (1994)
In the Matter of the TITLE, BALLOT TITLE AND SUBMISSION CLAUSE, AND SUMMARY APPROVED APRIL 20, 1994 AND MAY 4, 1994, FOR THE PROPOSED INITIATED CONSTITUTIONAL AMENDMENT CONCERNING THE "FAIR TREATMENT II".
Neil D. O'Toole and Jack Hawkins, Petitioners, and
Carlene Walker and Tom Jackson, Respondents, and
Title Setting Board: Natalie Meyer, Steve ErkenBrack and Rebecca Lennahan, Respondents.
No. 94SA182.
Supreme Court of Colorado, En Banc.
July 11, 1994.
*330 Neil D. O'Toole, pro se.
Jack Hawkins, pro se.
Berry & Singer, John Berry, Denver, for respondents Carlene Walker and Tom Jackson.
Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice G. Knaizer, Deputy Atty. Gen., General Legal Services Section, Denver, for respondent Title Setting Bd.
Justice MULLARKEY delivered the Opinion of the Court.
In this original proceeding brought pursuant to section 1-40-107(2), 1B C.R.S. (1993 Supp.), petitioners Neil D. O'Toole and Jack Hawkins, registered electors of the State of Colorado, challenge the title, ballot title and *331 submission clause, and summary formulated by the Title Setting Board (Board) for a proposed initiative known as the "Fair Treatment For Injured Workers II Amendment" (the Initiative).[1] The text of the Initiative and its title, submission clause and summary are appended to this opinion. The petitioners argue that the title, submission clause and summary are defective because they (1) fail to indicate to the electorate that the Initiative would "affect" both the right to petition under Article V of the Colorado Constitution and the right to free speech under the First Amendment to the United States Constitution; (2) conflict with the title and submission clause set for two other proposed initiatives; and because (3) the proponents failed to provide adequate notice to the electorate of certain proposed amendments to the title and submission clause. For the reasons set forth below, we affirm the ruling of the Board.

I
The proponents of the Initiative, Carlene Walker and Tom Jackson, filed a draft of the text of the Initiative with the Secretary of State on March 31, 1994, pursuant to section 1-40-105(4), 1B C.R.S. (1993 Supp.). The Initiative would amend Article II of the Colorado Constitution by adding a new section to declare that (1) the workers' compensation system needs to provide quick and efficient delivery of disability benefits to injured workers at a reasonable cost to employers without the need for litigation and that injured workers have the right to prompt medical treatment for their work-related injuries; (2) this Initiative is in conflict with all other initiatives on the November 1994 ballot which deal with on-the-job injuries or occupational diseases; and that (3) if this Initiative receives more votes than any other such measure that passes at the same time, the other measure(s) will not become law. See Appendix.
After a public hearing on April 20, 1994, the Board set the title, submission clause and summary for the Initiative. The petitioners filed a motion for rehearing which the Board denied after a public hearing on May 4, 1994. The petitioners then timely filed this original proceeding for review of the Board's action. See § 1-40-107(2).

II
The procedures the Board must follow and the standards it must apply when setting a title, as well as the principles to which we must adhere in reviewing the Board's actions, are well settled and need not be repeated here. See, e.g., In re Proposed Initiative for an Amendment to Article XVI, Section 6 of the Colorado Constitution, Entitled "W.A.T.E.R.", 875 P.2d 861, 863-64 (Colo.1994); In re Proposed Initiative on "Limited Gaming IV", 873 P.2d 733, 739-40 (Colo.1994); In re Proposed Initiative on Tobacco Tax Amendment 1994, 872 P.2d 689, 692-94 (Colo.1994). With these familiar principles in mind, we turn to the merits of the petitioners' arguments.

III

A
The petitioners first argue that the Board erred in failing to mention in the title, submission clause and summary that the Initiative, if passed, would "affect" both the right to petition under Article V of the Colorado Constitution and the right to free speech under the First Amendment to the United States Constitution. Specifically, the petitioners argue that by stating that a workers' compensation system shall be provided "as may be determined by law," the Initiative would prohibit the enactment of workers' compensation provisions through the initiative process. This is so, according to the petitioners, because only the legislature may enact a "law."[2] By extension of this same reasoning, the petitioners claim that the Initiative also would infringe upon Coloradans' rights to petition their government under the *332 First Amendment to the United States Constitution. We are not persuaded.
The alleged effect that the Initiative may have on other constitutional rights is based solely upon the petitioners' interpretation of the Initiative and not upon its plain language. See In re Proposed Constitutional Amendment Concerning the "Fair Treatment of Injured Workers Amendment", 873 P.2d 718, 720 n. 1 (Colo.1994) (Fair Treatment I). Thus, even if we assume, arguendo, that the Initiative could somehow "affect" the exercise of rights protected under separate constitutional provisions, the Board was not required to include reference to such a potential effect in the title, submission clause or summary. Id. at 720 ("[T]here is no requirement that the title, ballot title and submission clause or the summary state the effect an initiative may have on other constitutional and statutory provisions."); accord In re Petition on School Finance, 875 P.2d 207, 210 (Colo.1994). We therefore reject the petitioners' initial challenge to the Board's ruling.

B
The petitioners next contend that the title and submission clause are in conflict with the title and submission clause set by the Board and approved by this court for two other initiatives which may be on the ballot for the same electionthe "Workers' Choice of Care Amendment," see In re Workers Comp Initiative, 850 P.2d 144 (Colo.1993), and the "Fair Treatment for Injured Workers Amendment," see Fair Treatment I, at 723. We disagree.
The petitioners claim that the title and submission clause set for the Initiative conflict with the title and submission clause set for the "Workers' Choice of Care Amendment" and "Fair Treatment I" because the text of the present Initiative expressly states that it is "hereby deemed to be in conflict with all other initiatives which pass at the November, 1994, general election which pertain, in whole or in part, to on-the-job injuries or occupational diseases." However, nothing prevents two conflicting amendments from being proposed or even adopted at the same election. In re Petition on School Finance, at 212-13; Fair Treatment I, at 722. "What is prohibited are conflicting ballot titles which fail to distinguish between overlapping or conflicting proposals." Fair Treatment I, at 722; § 1-40-106(3)(b) ("ballot titles shall not conflict with those selected for any petition previously filed for the same election...."). It cannot plausibly be argued that the title and submission clause set for the present Initiative fail to distinguish it from the title and submission clause set by the Board for the other initiatives in question.[3]
First, as we noted in Fair Treatment I, the title and submission clause for the "Worker's Choice of Care Amendment" frame the question presented in that initiative as "whether the constitution should be amended to specify that workers' compensation benefits include all reasonable and necessary treatment, to allow injured workers to choose health care providers, and to subject provider fees to state regulation." At 722; see also In re Workers Comp Initiative, 850 P.2d at 149. By contrast, the title and submission clause for the present Initiative frame the issue as whether the constitution should be amended to provide for quick and efficient delivery of disability benefits and to declare that injured workers have the right to prompt medical treatment, and that the Initiative, if passed with more votes than any other similar measure, such other measures would not become law. Thus, the titles and submission clauses chosen by the Board for these two initiatives do not conflict and any potential substantive conflict between the two proposals cannot be resolved unless and until both are adopted by the voters. See Fair Treatment I, at 722; McKee v. City of Louisville, 200 Colo. 525, 616 P.2d 969 (1980).
*333 Second, although the texts of the "Fair Treatment I" initiative and the present Initiative are similar, the titles and submission clauses set by the Board accurately reflect an important distinction between them. Both of these initiatives provide that the constitution should be amended to provide for quick and efficient delivery of disability benefits and to declare that injured workers have the right to prompt medical treatment. However, the present Initiative contains the additional principle that, should it receive more votes than all other initiatives on the same ballot dealing with on-the-job injuries or occupational diseases, this Initiative will become law and the other initiatives will not be implemented. The Board clearly disclosed this principle in the title and submission clause for the present Initiative. Voters comparing the titles and submission clauses for "Fair Treatment I" and the present Initiative thus would be able to distinguish between the two proposed measures and would not be mislead into voting for or against either measure by reason of the words chosen by the Board. See In re Initiative Concerning Taxation III, 832 P.2d 937, 941 (Colo.1992). Therefore, we reject the petitioners' claim in this regard.

C
The petitioners' final contention is that we should reverse the ruling of the Board because the proponents failed to provide adequate notice to the electorate of certain proposed amendments to the title and submission clause. Once again, we disagree.
Section 1-40-106(1), 1B C.R.S. (1993 Supp.), states that in order to have a proposal considered at a public meeting before the Board, the proponents must submit a "draft" to the Secretary of State "no later than 3 p.m. on the twelfth day before the meeting at which the draft is to be considered by the title board." The term "draft" is defined as "the typewritten proposed text of the initiative which, if passed, becomes the actual language of the constitution...." § 1-40-102(4) (emphasis added). "Draft" does not refer to a proposed title and submission clause because section 1-40-105(4) requires the "original final draft which gives the final language for printing" to be submitted "without any title, submission clause, summary, or ballot title...." (Emphasis added).
It is undisputed that the proponents of the Initiative timely filed a draft of the text of the Initiative with the Secretary of State more than twelve days prior to the title setting hearing. On the day of the hearing, the proponents also submitted to the Board a suggested amendment to the initial title and submission clause drafted by the Board's staff. Although the petitioners conceded before the Board that it was necessary to amend the title and submission clause along the lines suggested by the proponents,[4] they now argue that they were not provided with adequate notice of such suggested changes pursuant to section 1-40-106(1).
The twelve-day notice requirement in section 1-40-106(1) was not violated in this case, however, because that provision only governs the time requirement for filing a draft of the text of the initiative. Section 1-40-106(1) does not require that any proposed amendments or modifications to the title or submission clause be submitted to the Board at least twelve days prior to the hearing. Rather, proposed additions or deletions from the title and submission clause may be offered by any registered elector during the public hearing or rehearing before the Board. This result is consistent with the purpose of the public hearing before the Board, that is, to encourage testimony and suggestions as to what might be a fair and proper title and submission clause for a particular initiative. See § 1-40-106(1); cf. In re Proposed Initiative Concerning Drinking Age, 691 P.2d 1127, 1130 (Colo.1984) (Board created to assist the People in implementing the right to initiate laws). In our view, the petitioners had ample opportunity at both the hearing and rehearing before the Board to voice its *334 objections, if any, to the proponents' proposed amendment to the title and submission clause originally drafted by the Board.

IV
In summary, we reject the petitioners' claimed deficiencies in the title and submission clause set by the Board. However, because we conclude that the claims raised by the petitioners in this court were not "frivolous or groundless," we also reject respondents' request for an award of attorney fees incurred by them in defending this appeal. See In re Proposed Initiative Concerning Limited Gaming in the Town of Burlington, 830 P.2d 1023, 1028 (Colo.1992) (noting that any registered elector who claims that the title, submission clause or summary are not a fair reflection of the initiative has the right to file a motion for rehearing with the Board and, if overruled by the Board, to obtain review in this court).
The ruling of the Board is affirmed.

APPENDIX
The text of the proposed initiative is as follows:
Be it enacted by the People of the State of Colorado: Article II of the Constitution is amended by the addition of a new section to read:
Fair treatment for injured workers. (1) This section shall be known and may be cited as the "Fair Treatment for Injured Workers Amendment."
Rights of injured workers protected. (2) We the people do hereby find and declare that the workers' compensation system needs to provide quick and efficient delivery of disability benefits to injured workers at a reasonable cost to employers without the need for any litigation as may be determined by law.
Right to medical treatment. (3) We the people do hereby find and declare that injured workers have the right to prompt medical treatment for their work related injuries as may be determined by law.
Effect on other provisions. (4) The "Fair Treatment for Injured Workers Amendment" is hereby deemed in conflict with all other initiatives which pass at the November 1994 general election which pertain, in whole or in part, to on-the-job injuries or occupational diseases. If the "Fair Treatment for Injured Workers Amendment" receives more votes at the November 1994 election than any such other initiatives, the "Fair Treatment for Injured Workers Amendment" shall become part of this constitution and the provisions of such other initiative or initiatives shall not become part of this constitution or statutes of this state.
The title set by the Board reads as follows:
AN AMENDMENT TO THE COLORADO CONSTITUTION TO DECLARE THAT THE WORKERS' COMPENSATION SYSTEM NEEDS TO PROVIDE QUICK AND EFFICIENT DELIVERY OF DISABILITY BENEFITS TO INJURED WORKERS AT A REASONABLE COST TO EMPLOYERS WITHOUT THE NEED FOR LITIGATION; THAT INJURED WORKERS HAVE THE RIGHT TO PROMPT MEDICAL TREATMENT; AND TO PROVIDE THAT, IF THIS INITIATIVE RECEIVES MORE VOTES THAN ALL OTHER INITIATIVES WHICH PERTAIN TO ON-THE-JOB INJURIES OR OCCUPATIONAL DISEASES, THEN THIS INITIATIVE SHALL BECOME LAW AND SUCH OTHER INITIATIVES SHALL NOT BE IMPLEMENTED.
The submission clause is as follows:
SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION TO DECLARE THAT THE WORKERS' COMPENSATION SYSTEM NEEDS TO PROVIDE QUICK AND EFFICIENT DELIVERY OF DISABILITY BENEFITS TO INJURED WORKERS AT A REASONABLE COST TO EMPLOYERS WITHOUT THE NEED FOR LITIGATION; THAT INJURED WORKERS HAVE THE RIGHT TO PROMPT MEDICAL TREATMENT; AND TO PROVIDE *335 THAT, IF THIS INITIATIVE RECEIVES MORE VOTES THAN ALL OTHER INITIATIVES WHICH PERTAIN TO ON-THE-JOB INJURIES OR OCCUPATIONAL DISEASES, THEN THIS INITIATIVE SHALL BECOME LAW AND SUCH OTHER INITIATIVES SHALL NOT BE IMPLEMENTED?
The summary prepared by the Board reads as follows:
This measure declares that the workers' compensation system needs to provide quick and efficient delivery of disability benefits to injured workers at a reasonable cost to employers without the need for litigation and that injured workers have the right to prompt medical treatment for their work-related injuries. Both of these declarations are made subject to the phrase, "as may be determined by law."
This measure also declares itself in conflict with all other initiatives on the November, 1994, ballot that deal with on-the-job injuries or occupational diseases and provides that, if it receives more votes than any other such measure that passes at the same time, the other measure will not become law.
The fiscal impact of this measure on state and local governments, if any, cannot be determined at this time because such fiscal impact depends on how the measure is interpreted through future statutory enactments and by the courts.
NOTES
[1] For simplicity, this opinion will refer to the ballot title and submission clause as the "submission clause."
[2] To support this contention, the petitioners interpret various sections of the legislative article (Article V) of the Colorado Constitution.
[3] The petitioners also claim that by stating that it is in conflict with other similar measures on the same ballot, the Initiative violates Article III of the Colorado Constitution by usurping the judiciary's exclusive function of interpreting the laws. We need not address the merits of this claim, however, because as we noted above, the question of the possible effect the Initiative, if passed, would have on other constitutional provisions is far beyond the scope of our review in this proceeding. Fair Treatment I, at 721.
[4] The main thrust of the proponents' amendment was to include in the title and submission clause the statement that "if this initiative receives more votes than all other initiatives which pertain to on-the-job injuries, then this initiative shall become law and such other initiatives shall not be implemented." The Board ultimately agreed to include substantially similar language in the title, submission clause and summary.