In the Matter of the TITLE, BALLOT TITLE, SUBMISSION CLAUSE, AND SUMMARY BY THE TITLE BOARD PERTAINING TO A PROPOSED INITIATIVE ON "OBSCENITY".

Lino S. Lipinsky de Orlov and Edward T. Ramey, Petitioners,

and

Steve Mathers and Denise Mund, Respondents,

and

Title Setting Board: Natalie Meyer, Stephen ErkenBrack and Rebecca Lennahan, Respondents.

No. 94SA168.

Supreme Court of Colorado, En Banc.

July 5, 1994.

Lino S. Lipinsky de Orlov, pro se.

Edward T. Ramey, pro se.

Davis, Graham & Stubbs, Thomas C. Bell, Timothy G. Ehresman, Sara A. Moon, Denver, for respondents Steve Mathers and Denise Mund.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice G. Knaizer, Deputy Atty. Gen., Denver, for respondent Title Setting Bd.

Cooper & Kelley, P.C., John R. Mann, Denver, for amicus curiae American Civ. Liberties Union Foundation.

Recht & Pepin, P.C., Daniel N. Recht, Robert W. Pepin, Denver, for amici curiae Mountains and Plains Booksellers Ass'n, Inc., Tattered Cover, Inc., and American Booksellers Foundation for Free Expression.

Biermann & Fretz, P.C., Dirk T. Biermann, Joseph H. Fretz, Denver, for amici curiae League of Women Voters, et al.

Chief Justice ROVIRA delivered the Opinion of the Court.

Petitioners, Lino S. Lipinsky de Orlov and Edward T. Ramey, bring this original proceeding challenging the action taken by the Initiative Title Setting Board (Board), in setting a title and submission clause for a proposed constitutional amendment (the Initiative). Designated "Obscenity," the Initiative would amend article II, section 10 of the Colorado Constitution by adding the following language (identified by capital letters) to that section as it now exists:

> No law shall be passed impairing the freedom of speech; every person shall be free to speak, write or publish whatever he will on any subject, being responsible for all abuse of that liberty; and in all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the fact. TO THE FULL EXTENT PERMITTED BY THE FIRST AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA, THE PROMOTION OF OBSCENITY MAY BE CONTROLLED BY THE STATE AND ANY CITY, TOWN, CITY AND COUNTY, OR COUNTY WITHIN THE UNINCORPORATED AREA OF THE COUNTY.[1]

Petitioners and their amici challenge the action of the Board arguing that the title and submission clause do not fairly and accurately express the true meaning and intent of the Initiative and are misleading. We agree.

## I

The proponents of the Initiative submitted a draft of the Initiative to the legislative council and the office of legislative legal services for review and comment. The Board convened and set the title, submission clause, and summary for the Initiative. Petitioners requested a rehearing interposing objections to the title, submission clause, and summary fixed by the Board. The Board accepted some of those objections and rejected others. The title set by the Board reads as follows:

### Title

AN AMENDMENT TO THE COLORADO CONSTITUTION STATING THAT THE STATE AND ANY CITY, TOWN, CITY AND COUNTY, OR COUNTY MAY CONTROL THE PROMOTION OF OBSCENITY TO THE FULL EXTENT PERMITTED BY THE FIRST AMENDMENT TO THE U.S. CONSTITUTION.

The submission clause begins with the phrase, "SHALL THERE BE....," but is otherwise identical to the title in all respects.

## II

The duties imposed on the Board in designating a title and submission clause for a proposed initiative, as well as our review of that process, are well-settled and need not be repeated here. *See, e.g., In the Matter of the Proposed Initiative on School Pilot Program,* 874 P.2d 1066, 1069–1070 (Colo.1994) (detailing the Board's duty and the standards this court applies in reviewing the Board's actions); *In the Matter of the Proposed Initiative on "Limited Gaming IV",* 873 P.2d 733, 739–740 (Colo.1994) (same); *In the Matter of the Proposed Initiative on Tobacco Tax Amendment,* 872 P.2d 689, 692–694 (Colo.1994) (same).

With these familiar principles in mind, we turn to the merit of petitioners' arguments.

## III

Petitioners argue first that the title and submission clause do not fairly and accurately reflect the true intent and meaning of the Initiative. More specifically, they argue that the title and submission clause are defective in that they fail to inform voters that the Initiative would "restrict the right of free expression in this state, at least in the area of

---

1. The actual text of the Initiative is identical to the proposed amended text of art. II, § 10 quoted herein, with the exception that the Initiative begins with the following two sentences: "Be it Enacted by the People of the State of Colorado," and "Article II, Section 10 of the Colorado Constitution is amended to read:".

obscenity, by adopting a more expansive definition of 'obscenity' than the one previously applied in the decisions of this Court."

At the hearing and rehearing before the Board, the petitioners requested that the Board include language in the title, submission clause, and summary to the effect that the Initiative, if adopted, "would prohibit the Colorado courts from interpreting the right of free expression more broadly under the Colorado Constitution than under the 1st Amendment [to] the United States Constitution, in the area of obscene speech." The Initiative's proponents did not contest this addition to the title and submission clause. To the contrary, the proponents' representative before the Board stated that the intent or purpose behind the Initiative was precisely what the petitioners suggested, i.e., to prevent the Colorado courts from construing the Colorado Constitution to be more protective of free expression than the First Amendment with respect to alleged obscenity. A divided Board concluded that although express reference to this intent must be included in the summary of the Initiative, such information was properly omitted from the title and submission clause.

Based on the testimony presented to the Board, the undisputed intent and purpose of the Initiative is to prevent the Colorado courts from construing the Colorado Constitution as more protective of free expression than the First Amendment in the area of obscenity. The proponents of the Initiative conceded before the Board that "everyone sitting here understands what we're trying to do here. Certainly the opponents of the amendment understand what we're trying to do here. No one disputes what the intended effect of the amendment is . . . ." The proponents also stated that because the sentence which the petitioners sought to include in the title and submission clause accurately portrayed the purpose and intent of the Initiative, they "would have no problem with putting that sentence in the title."[2]

The title and submission clause indicate only that the Initiative would permit state and local entities to "control the promotion of obscenity to the full extent permitted by the First Amendment to the U.S. Constitution." In our judgment, it is dubious whether a significant portion of the electorate, be they familiar or unfamiliar with the subject matter of the Initiative, would ascertain that in permitting the promotion of obscenity to the full extent allowed by the First Amendment, the Initiative is intended to foreclose the Colorado courts from permitting any broader protection of obscenity under the Colorado Constitution. In short, the title and submission clause do not contain sufficient information to enable the electorate to "determine intelligently whether to support or oppose such a proposal." *In the Matter of the Proposed Initiative on Parental Notification,* 794 P.2d 238, 242 (Colo.1990). As such, the title and submission clause do not "fairly and accurately represent" the intent and purpose of the Initiative. *See* § 1–40–102(10), 1B C.R.S. (1993 Supp.); § 1–40–106(3)(b), 1B C.R.S. (1993 Supp.) (the title "shall unambiguously state the principal of the provision sought to be added").

■ While it is true that the title and submission clause read, virtually word for word, the same as the Initiative, this fact does not establish that the title and submission clause fairly and accurately set forth the major tenets of the Initiative. The pertinent question is whether the "general understanding of the effect of a 'yes' or 'no' vote will be unclear" from reading the title. § 1–40–106(3)(b). There may be situations, therefore, where the title and submission clause likely would create public confusion or ambiguity about the effect of an Initiative even though they merely repeat the language contained in the Initiative itself. *See In the Matter of the Proposed Initiative on "Governmental Business",* 875 P.2d 871 (Colo. 1994) (disallowing the inclusion of a "catch phrase or slogan" in the title and submission clause in spite of the fact that those identical

---

**2.** While the Board is not required in every case to follow the recommendations of the parties, it is certainly relevant to our review that the Board omitted language from the title and submission clause which all the parties agreed was an accurate statement of the intent and purpose of the Initiative.

phrases were contained in the Initiative itself).

In this case, for example, the reference in the title and submission clause to the First Amendment obscenity standard likely would appear to most voters to represent an expansion of the right of free expression in Colorado. Without any additional language, it is unlikely that more than a very small percentage of the electorate would understand from the title set by the Board that a "yes" vote amounts to an attempt to foreclose the possibility that free expression could be granted greater protection under the Colorado Constitution than under federal standards. As such, a "yes" vote in reality would be a vote against the expansion of free expression principles in the area of obscenity, whereas a "no" vote would be a vote in support of the possibility of broader protections under the Colorado Constitution. *See* § 1–40–105(3), 1B C.R.S. (1993 Supp.) ("The draft shall not present the issue to be decided in such manner that a vote for the measure would be a vote against the proposition or viewpoint that the voter believes that he or she is casting a vote for or, conversely, that a vote against the measure would be a vote for a proposition or viewpoint that the voter is against."). In light of these facts, we conclude that the title and submission clause as set by the Board are misleading.

Accordingly, the ruling of the Board is reversed and the matter remanded with instructions to amend the title and submission clause to include the following underlined language:

### Title

AN AMENDMENT TO THE COLORADO CONSTITUTION STATING THAT THE STATE AND ANY CITY, TOWN, CITY AND COUNTY, OR COUNTY MAY CONTROL THE PROMOTION OF OBSCENITY TO THE FULL EXTENT PERMITTED BY THE FIRST AMENDMENT TO THE U.S. CONSTITUTION, <u>AND THEREBY PREVENTING THE COLORADO COURTS FROM INTERPRETING THE RIGHT OF FREE EXPRESSION MORE BROADLY UNDER THE COLORADO CONSTITUTION THAN UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION IN THE AREA OF OBSCENITY.</u>

### Submission Clause

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION STATING THAT THE STATE AND ANY CITY, TOWN, CITY AND COUNTY, OR COUNTY MAY CONTROL THE PROMOTION OF OBSCENITY TO THE FULL EXTENT PERMITTED BY THE FIRST AMENDMENT TO THE U.S. CONSTITUTION, <u>AND THEREBY PREVENTING THE COLORADO COURTS FROM INTERPRETING THE RIGHT OF FREE EXPRESSION MORE BROADLY UNDER THE COLORADO CONSTITUTION THAN UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION IN THE AREA OF OBSCENITY.</u>

Justice LOHR dissenting:

The majority reverses the action of the Title Board and remands the matter with instructions to amend the title and submission clause to reflect that the proposed amendment would prevent "Colorado courts from interpreting the right of free expression more broadly under the Colorado Constitution than under the First Amendment to the United States Constitution in the area of obscenity." Maj. op. at 851. Although the proposed amendment, if passed, may have this effect, the title and submission clause fairly and accurately reflect this feature of the initiative. Therefore, the addition of further language to clarify this feature is unnecessary. Accordingly, I respectfully dissent.

The proposed amendment would add the following language to Article II, Section 10, of the Colorado Constitution:

To the full extent permitted by the First Amendment to the Constitution of the United States of America, the promotion of obscenity may be controlled by the state and any city, town, city and county, or county within the unincorporated area of the county.

The proposed amendment, therefore, involves the *controls* that the enumerated governmental entities (collectively, the state) may place upon the promotion of obscenity. Understood in this straightforward manner, the language unambiguously conveys that under the proposed amendment such *controls* may be adopted to the full extent permitted by the United States Constitution. Because the amendment would *permit* such controls, it is obvious that, under the Colorado Constitution, courts will not be able to *prevent* such controls. This latter result is immediately implied from the language of the proposed amendment and needs no further explanation in the title and submission clause, which nearly duplicate the terms of the proposed amendment.

Although no such further explanation is required, the petitioners raise arguments that make it appear that such an explanation is necessary by couching the issue not in terms of *controls* but, conversely, in terms of *free expression.* If a court interprets the state constitution to *prevent* particular controls on obscenity, it would thereby increase protection of free expression. If the state constitution *cannot* be interpreted to prevent such controls, protection of free expression is correspondingly limited. The petitioners argue that the title and submission clause do not reveal the essential feature that under the proposed amendment, courts will *not* be able to construe the Colorado Constitution to increase protections of free expression beyond those provided by the United States Constitution. However, this feature merely restates the obvious result that under the proposed amendment, courts will not be able to construe the state constitution to prevent controls of free expression that are permitted by the United States Constitution.

This rather difficult analysis results merely from the petitioners' reframing of the issue in terms of free expression rather than of controls. The majority itself is drawn into this approach when it states that the electorate would probably not understand that "in permitting the *promotion* of obscenity to the full extent allowed by the First Amendment, the Initiative is intended to foreclose the Colorado courts from permitting any broader protection of obscenity under the Colorado constitution." Maj. op. at 850 (emphasis added). However, under the amendment, it is not the "promotion" of obscenity that is permitted to the full extent allowed by the United States Constitution.[1] Rather, it is the *control* of obscenity that is so permitted.

Based on the foregoing, I conclude that the title and submission clause fairly and accurately reflect the feature that under the proposed amendment, courts could not construe the Colorado Constitution to prevent the state from imposing controls on the promotion of obscenity that are allowed by the First Amendment to the United States Constitution. This feature is readily understandable by the electorate from the plain language of the title and submission clause. It is therefore unnecessary to reframe this feature in terms of free expression. Furthermore, the reframed version of this feature that the majority requires the Title Board to add to the title and submission clause is contained nearly verbatim in the summary prepared by the Title Board. In preparing a title and submission clause, the Title Board "must navigate the straits between brevity and unambiguously stating the central features of the provision sought to be added." *In re Proposed Initiative Concerning Automobile Insurance Coverage,* 877 P.2d 853, 857 (Colo.1994). I am persuaded that the Title Board adequately met this navigational challenge.

Accordingly, I respectfully dissent.

Justice SCOTT joins in this dissent.

---

1. Even apart from the amendment, the state cannot restrict speech that is protected by the First Amendment to the United States Constitution.