Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
July 5, 2016

**2016 CO 56**

**No. 16SA157, <u>In the Matter of the Title, Ballot Title & Submission Clause for 2015–2016 #156</u> —Clear Title—Totality of the Circumstances.**

In this case, the supreme court holds that the title that the Ballot Title Board set for Initiative 2015–2016 #156 violates the clear title requirement because it is confusing and fails to aid voters in deciphering the purpose of the initiative and in deciding whether to support or oppose it. The supreme court therefore reverses the Title Board's setting of title and returns the initiative to the Board.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2016 CO 56

### Supreme Court Case No. 16SA157
*Original Proceeding Pursuant to § 1-40-107(2), C.R.S. (2015)*
Appeal from the Ballot Title Setting Board

In the Matter of the Title, Ballot Title and Submission Clause for 2015–2016 #156

### Petitioner:

John Grayson Robinson,

v.

### Respondents:

Bruce Dierking and Jeanne McEvoy,

and

### Title Board:

Suzanne Staiert, David Blake, and Sharon Eubanks.

### Title Board Action Reversed
*en banc*
July 5, 2016

**Attorneys for Petitioner:**
Lewis Roca Rothgerber Christie LLP
Thomas M. Rogers, III
Hermine Kallman
  *Denver, Colorado*

**Attorney for Respondents:**
Recht Kornfeld, P.C.
Mark G. Grueskin
  *Denver, Colorado*

**Attorneys for Ballot Title Board:**
Cynthia H. Coffman, Attorney General
W. Eric Kuhn, Senior Assistant Attorney General
 *Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.
**JUSTICE HOOD** dissents, and **JUSTICE COATS** joins in the dissent.

2

¶1     Petitioner John Grayson Robinson brings this original proceeding pursuant to section 1-40-107(2), C.R.S. (2015), asking us to reverse the Ballot Title Board's ("Title Board" or "Board") decision to set the title and ballot title and submission clause for Initiative 2015–2016 #156 ("Initiative #156").[1]  Robinson contends that the title does not satisfy the clear title requirement and that the initiative violates the single subject requirement.  See Colo. Const. art. V, § 1(5.5).

¶2     We conclude that the title that the Board set violates the clear title requirement because it is confusing and fails to aid voters in deciphering the purpose of the initiative and in deciding whether to support or oppose it.  Accordingly, we reverse the Title Board's setting of title for Initiative #156 and return the initiative to the Board.[2]

## I.  Facts and Procedural History

¶3     Initiative #156 would add a new section to the Colorado Revised Statutes prohibiting state and local licensing authorities from issuing "a license to a food store that offers for sale, in sealed containers for off-premises consumption," certain listed "intoxicants": marijuana, marijuana product, liquor, wine, and malt liquor.  The initiative defines "food store" as a "retail premises" that generates at least fifteen percent of its gross annual income from the sale of food items.  The initiative would also make it a class 1 misdemeanor to sell any of the listed "intoxicants" at a "food store."

[1] Initiative #156's text, title, and ballot title and submission clause are attached as an appendix to this opinion.

[2] Because the initiative's title does not satisfy the clear title requirement, we need not consider whether the initiative also violates the single subject requirement.  See In re Title, Ballot Title & Submission Clause for 2009–2010 #91, 235 P.3d 1071, 1074 (Colo. 2010) (reversing the Title Board's decision on one basis and declining to address the petitioner's other argument for reversal).

¶4  The Title Board conducted a hearing, concluded that the proposed initiative contained a single subject, and set a title for the initiative using much of the same language as the initiative itself. The title reads as follows:

> A change to the Colorado Revised Statutes prohibiting a state or local licensing authority from granting a liquor license to a food store that offers for sale, in sealed containers for off-premises consumption, full-strength beer, wine, liquor, marijuana, or marijuana products.

¶5  Robinson filed a motion for rehearing, asserting that the title was unclear and that the initiative contained multiple subjects. The Title Board conducted a rehearing but ultimately upheld its prior decision to set the initiative's title.

¶6  Robinson thereafter filed this original proceeding pursuant to section 1-40-107(2).

## II. Analysis

¶7  To assess whether Initiative #156's title satisfies the clear title requirement, we first outline our role in evaluating the Title Board's actions in approving initiatives and setting titles. Next, we turn to the Colorado Constitution's clear title requirement, which seeks to prevent voter confusion and ensure that a title adequately expresses an initiative's intended purpose. Finally, we address whether Initiative #156's title satisfies the clear title requirement and conclude that the initiative's title is unclear because it is illogical and confusing. We therefore reverse the Title Board's setting of title for Initiative #156 and return the initiative to the Board.

### A. Standard of Review

¶8  "The Title Board is vested with considerable discretion in setting the title and the ballot title and submission clause . . . ." In re Title, Ballot Title & Submission Clause for

4

2015–2016 #73, 2016 CO 24, ¶ 8, 369 P.3d 565, 567 (quoting In re Title, Ballot Title & Submission Clause for 2013–2014 #90, 2014 CO 63, ¶ 8, 328 P.3d 155, 159). In respecting that discretion, "we employ all legitimate presumptions in favor of the propriety of the [Title] Board's actions." In re Title, Ballot Title & Submission Clause for 2013–2014 #89, 2014 CO 66, ¶ 8, 328 P.3d 172, 176 (quoting In re Title, Ballot Title & Submission Clause for 2009–2010 #45, 234 P.3d 642, 645 (Colo. 2010)). Thus, when reviewing titles "for clarity and accuracy, we only reverse the Title Board's decision if the [t]itles are 'insufficient, unfair, or misleading.'" Id. (quoting In re 2009–2010 #45, 234 P.3d at 648). In making this determination, "we employ the general rules of statutory construction and accord the language of the proposed . . . titles their plain meaning." In re Title, Ballot Title & Submission Clause for 2011–2012 #3, 2012 CO 25, ¶ 8, 274 P.3d 562, 565. Our role is not to consider the merits, efficacy, construction, or future application of a proposed initiative, but instead to determine whether the Title Board fulfilled its duty of ensuring that the initiative, title, and ballot title and submission clause meet constitutional requirements. Id.; In re 2013–2014 #89, ¶ 10, 328 P.3d at 176.

¶9    With these principles in mind, we now discuss the clear title requirement.

## B. Clear Title Requirement

¶10    Article V, section 1(5.5) of the Colorado Constitution takes the single-subject and clear-title requirements for bills proposed by the General Assembly and applies those requirements to voter initiatives. See In re Title, Ballot Title & Submission Clause for 1999–2000 #25, 974 P.2d 458, 460–63 (Colo. 1999). As pertinent here, subsection 5.5 requires that an initiative's single subject "be clearly expressed in its title." Colo. Const.

5

art. V, § 1(5.5); In re 2015–2016 #73, ¶ 22, 369 P.3d at 568. A perfect title is not necessary, In re Title, Ballot Title & Submission Clause & Summary for 1999–2000 #29, 972 P.2d 257, 266 (Colo. 1999), but the Title Board must, in the process of setting a title, "consider the public confusion that might be caused by misleading titles," "avoid titles for which the general understanding of the effect of a 'yes/for' or 'no/against' vote will be unclear," and "correctly and fairly express the true intent and meaning" of the initiative in the title, § 1-40-106(3)(b); In re 2009–2010 #45, 234 P.3d at 648.

¶11 In sum, the clear title requirement seeks to accomplish two overarching goals: prevent voter confusion and ensure that the title adequately expresses the initiative's intended purpose. If a title accomplishes these goals, the end result is that voters, "whether or not they are familiar with the subject matter of a particular proposal," should be able to "determine intelligently whether to support or oppose the proposal." In re 2015–2016 #73, ¶ 22, 369 P.3d at 568.

¶12 With these considerations in mind, we now consider whether Initiative #156's title is clear.

## C. Application

¶13 We conclude that the title set for Initiative #156 does not satisfy the clear title requirement because it is illogical and inherently confusing. Hence, the title does not allow voters "to determine intelligently whether to support or oppose the proposal." Id.

6

¶14 The main source of potential voter confusion is the fact that, under the title's language, Initiative #156 would prohibit state and local licensing authorities from issuing liquor licenses only to food stores that already have liquor licenses:

> A change to the Colorado Revised Statutes prohibiting a state or local licensing authority from granting a liquor license to a food store that offers for sale . . . full-strength beer, wine, [or] liquor . . . .

Simply put, this makes no sense. Voters reading this title would be forced to speculate whether the initiative would (1) cause food stores that currently have liquor licenses to lose them, or (2) prohibit such food stores from obtaining a liquor license renewal, or (3) prohibit food stores with licenses to sell marijuana from obtaining liquor licenses,[3] or (4) have some other potential impact entirely. This confusion would hinder voters from ascertaining the initiative's intent and thus would prevent them from intelligently choosing whether to vote "yes/support" or "no/against" on the initiative.

¶15 In reaching our conclusion, we acknowledge that the title substantially tracks language found in the initiative itself and thus may faithfully express the initiative's intent. However, the source of a title's language does not rule out the possibility that the title could cause voter confusion. In re Proposed Initiative on "Obscenity", 877 P.2d 848, 850 (Colo. 1994); In re 2015–2016 #73, ¶¶ 33–34, 369 P.3d at 570; see also In re Title, Ballot Title & Submission Clause & Summary for 1999–2000 #44, 977 P.2d 856, 858

---

[3] The record in this case does not indicate whether any food stores in Colorado have a license to sell marijuana or marijuana products. However, whether such food stores actually exist is irrelevant to our analysis because our role here is simply to assess the title's clarity and the risk of causing voter confusion, not to probe the initiative's "efficacy, construction, or future application." In re Title, Ballot Title & Submission Clause & Summary for 1999–2000 #200A, 992 P.2d 27, 30 (Colo. 2000).

(Colo. 1999) ("Here, perhaps because the . . . proposed initiative [itself] is difficult to comprehend, the titles . . . are not clear."); In re 1999–2000 #29, 972 P.2d at 268 (holding that the Title Board's use of certain language in the proposed initiative actually "reinforce[d] voter confusion about the effect of a 'yes' or 'no' vote"). In this case, the title's muddled language causes confusion and does not help voters understand the effect of a "yes" or "no" vote even though it uses the initiative's own language.

¶16 For the foregoing reasons, we conclude that the title set by the Title Board does not satisfy the clear title requirement.

### III. Conclusion

¶17 Because we conclude that the title set for Initiative #156 does not satisfy the clear title requirement, we reverse the Title Board's setting of title for Initiative #156 and return the initiative to the Board.

**JUSTICE HOOD** dissents, and **JUSTICE COATS** joins in the dissent.

Be it Enacted by the People of the State of Colorado:

**SECTION 1.**  In Colorado Revised Statutes, **add** section 12-47-401.5 as follows:

**12-47-401.5.  NO MARIJUANA OR LIQUOR IN FOOD STORES — EXCEPTIONS.**
(1)NOTWITHSTANDING ANY OTHER PROVISION OF LAW AND CONSISTENT WITH SECTION 16(1)(b) OF ARTICLE XVIII OF THE COLORADO CONSTITUTION, THE STATE OR LOCAL LICENSING AUTHORITY MUST NOT ISSUE A LICENSE TO A FOOD STORE THAT OFFERS FOR SALE, IN SEALED CONTAINERS FOR OFF-PREMISES CONSUMPTION, THE FOLLOWING INTOXICANTS THAT ARE REGULATED PURSUANT TO ARTICLES 43.3, 43.4, AND 47 OF TITLE 12:

  (a) MARIJUANA OR MARIJUANA PRODUCT, AS DEFINED IN SECTION 16(2)(f), (k) OF ARTICLE XVIII OF THE COLORADO CONSTITUTION;
  (b) SPIRITUOUS LIQUOR, VINOUS LIQUOR, OR MALT LIQUOR; OR
  (c) BOTH.

FOR PURPOSES OF THIS SECTION, A "FOOD STORE" MEANS ANY ESTABLISHMENT THAT OFFERS FOR SALE FOOD ITEMS AT A RETAIL PREMISES, PROVIDED THAT 15% OR MORE OF THE GROSS ANNUAL INCOME FROM ITS TOTAL SALES IS DERIVED FROM THE SALE OF FOOD ITEMS.

(2)AS AUTHORIZED BY SECTION 12-47-202(1)(b), THE STATE LICENSING AUTHORITY SHALL ADOPT RULES, CONSISTENT WITH THIS PART 4, TO DEFINE "FOOD ITEMS" AND RELATED TERMS. SUCH RULES SHALL BE EFFECTIVE JULY 1, 2017.

**SECTION 2.**  In Colorado Revised Statutes, 12-47-901, **add** (5)(p) as follows:

**12-47-901. Unlawful Acts — Exceptions.** (5) It is unlawful for any person to sell at retail pursuant to this article:

(p) FOR OFF-PREMISES CONSUMPTION, SEALED CONTAINERS THAT CONTAIN MALT, VINOUS, OR SPIRITUOUS LIQUORS OR MARIJUANA OR MARIJUANA PRODUCT AT A FOOD STORE.

**SECTION 3.**  In Colorado Revised Statutes, 12-47-903, **amend** (2.5) as follows:

**12-47-901** [sic]**. Violations — Penalties.**  (2.5) A person violating the provisions of section 12-47-901(1)(a.5) OR (5)(p) commits a class 1 misdemeanor and shall be punished as provided in section 18-1.3-501, C.R.S.

**SECTION 4.**  This act takes effect January 1, 2017.

**Proposed Initiative 2015–2016 #156**

The title as designated and fixed by the Board is as follows:

> A change to the Colorado Revised Statutes prohibiting a state or local licensing authority from granting a liquor license to a food store that offers for sale, in sealed containers for off-premises consumption, full-strength beer, wine, liquor, marijuana, or marijuana products.

The ballot title and submission clause as designated and fixed by the Board is as follows:

> Shall there be a change to the Colorado Revised Statutes prohibiting a state or local licensing authority from granting a liquor license to a food store that offers for sale, in sealed containers for off-premises consumption, full-strength beer, wine, liquor, marijuana, or marijuana products?

JUSTICE HOOD, dissenting.

¶18    The majority considers the title set for Initiative #156 to be illogical and inherently confusing.  It therefore holds that the title violates the clear title requirement.  I disagree.  Though the title may allow for speculation as to the initiative's precise impact if enacted, it clearly expresses the initiative's purpose: to prevent the sale of intoxicants such as full-strength beer, wine, liquor, and marijuana at food stores by prohibiting those stores from possessing licenses to sell such goods.  I therefore respectfully dissent from the majority's conclusion that the initiative's title is not clear.

¶19    As the majority explains, the Title Board is vested with considerable discretion in setting an initiative's title, and in respecting that discretion, "we employ all legitimate presumptions in favor of the propriety of the [Title] Board's actions."  Maj. op. ¶ 8 (first quoting In re Title, Ballot Title & Submission Clause for 2015–2016 #73, 2016 CO 24, ¶ 8, 369 P.3d 565, 567; then quoting In re Title, Ballot Title & Submission Clause for 2013–2014 #89, 2014 CO 66, ¶ 8, 328 P.3d 172, 176).  When reviewing a title for clarity and accuracy, we will reverse the Title Board's decision only if the title is "insufficient, unfair, or misleading."  In re Title, Ballot Title & Submission Clause for 2009–2010 #45, 234 P.3d 642, 648 (Colo. 2010).

¶20    Our review of an initiative's title is limited not only by the deference we give to the Title Board's authority, but also by the narrow scope of the clear title inquiry.  We examine the title to determine if it is fair, clear, accurate, and complete.  In re Title, Ballot Title & Submission Clause for 2011–2012 #3, 2012 CO 25, ¶ 8, 274 P.3d 562, 565.  But we do not consider the merits of an initiative or review its efficacy, construction, or

1

future application. In re 2013–2014 #89, ¶ 10, 328 P.3d at 176 (quoting In re 2009–2010 #45, 234 P.3d at 645). Our role as a reviewing court is not to consider whether the Title Board set the best possible title, but rather to ensure that the title fairly reflects the proposed initiative so that voters will not be misled by its language. See In re 2009–2010 #45, 234 P.3d at 648 (quoting In re Title, Ballot Title & Submission Clause for 2007–2008 #62, 184 P.3d 52, 58 (Colo. 2008)). The "purpose of reviewing an initiative title for clarity . . . [is] voter protection through reasonably ascertainable expression of the initiative's purpose." Id.

¶21 The majority concludes the title set for Initiative #156 violates the clear title requirement because it is "illogical and inherently confusing." Maj. op. ¶ 13. The source of the inherent confusion seems to be the circularity of the title's language, which would "prohibit[] a state or local licensing authority from granting a liquor license to a food store that offers for sale . . . full-strength beer, wine, [or] liquor." The majority seems concerned that voters will be caught up trying to understand why a food store that offers alcoholic beverages for sale—and thus must already possess a liquor license—would seek a liquor license from a state or local licensing authority. Additionally, the majority identifies multiple potential impacts voters might infer from the language of the title and concludes that this array of outcomes will hinder voters from ascertaining the initiative's intent.

¶22 In my view, however, the language of the title set for Initiative #156 adequately apprises voters that, if the initiative is enacted, food stores will be denied licenses to sell full-strength beer, wine, liquor, marijuana, or marijuana products in sealed containers

2

for off-premises consumption. Each of the potential impacts the majority identifies serves to illustrate, rather than obscure, this central purpose. Though the language of the title—like the initiative itself—leaves for future determination exactly how food stores seeking to sell specified alcoholic beverages or marijuana would be denied that privilege, the initiative's underlying purpose and effect remains apparent. Any evaluation of the potential impacts of Initiative #156 goes beyond the bounds of this court's limited review and amounts to improper consideration of the construction and future application of the proposed initiative. And because we "employ all legitimate presumptions in favor of the propriety of the Board's actions," In re 2009–2010 #45, 234 P.3d at 645, once it is evident the title generates a reasonably ascertainable expression of the initiative's purpose, we should defer to the Title Board and terminate our clear title inquiry.

¶23    I believe the title set by the Title Board for Initiative #156 clearly expresses the initiative's subject: to prevent the sale of intoxicants such as full-strength beer, wine, liquor, and marijuana at food stores by prohibiting those stores from possessing licenses to sell such goods. The title adequately provides voters with a general understanding of the effect of a "yes/for" or "no/against" vote: the former will alter Colorado law to prohibit food stores from having licenses to sell alcoholic beverages and marijuana, and the latter will reject the proposal and preserve the status quo. Because the title provides a reasonably ascertainable expression of the initiative's purpose that will help rather than hinder voters' comprehension of the initiative, I would hold that the title set by the Title Board is clear. I therefore respectfully dissent.

3

I am authorized to state that JUSTICE COATS joins in this dissent.