JUSTICE BOATRIGHT delivered the Opinion of the Court.
¶1 Petitioner John Grayson Robinson brings this original proceeding pursuant to section 1-40-107(2), C.R.S. (2015), asking us to reverse the Ballot Title Board's ("Title Board" or "Board") decision to set the title and ballot title and submission clause for Initiative 2015-2016 #156 ("Initiative #156").[1] Robinson contends that the title does not satisfy the clear title requirement and that the initiative violates the single subject requirement. See Colo. Const. art. V, § 1 (5.5).
¶2 We conclude that the title that the Board set violates the clear title requirement because it is confusing and fails to aid voters in deciphering the purpose of the initiative and in deciding whether to support or oppose it. Accordingly, we reverse the Title Board's setting of title for Initiative #156 and return the initiative to the Board.[2]
I. Facts and Procedural History
¶3 Initiative #156 would add a new section to the Colorado Revised Statutes prohibiting state and local licensing authorities from issuing "a license to a food store that offers for sale, in sealed containers for off-premises consumption," certain listed "intoxicants": marijuana, marijuana product, liquor, wine, and malt liquor. The initiative defines "food store" as a "retail premises" that generates at least fifteen percent of its gross annual income from the sale of food items. The initiative would also make it a class 1 misdemeanor to sell any of the listed "intoxicants" at a "food store."
¶4 The Title Board conducted a hearing, concluded that the proposed initiative contained a single subject, and set a title for the initiative using much of the same language as the initiative itself. The title reads as follows:
A change to the Colorado Revised Statutes prohibiting a state or local licensing authority from granting a liquor license to a food store that offers for sale, in sealed containers for off-premises consumption, full-strength beer, wine, liquor, marijuana, or marijuana products.
¶5 Robinson filed a motion for rehearing, asserting that the title was unclear and that the initiative contained multiple subjects. The Title Board conducted a rehearing but ultimately upheld its prior decision to set the initiative's title.
¶6 Robinson thereafter filed this original proceeding pursuant to section 1-40-107(2).
II. Analysis
¶7 To assess whether Initiative #156's title satisfies the clear title requirement, we first outline our role in evaluating the Title *153 Board's actions in approving initiatives and setting titles. Next, we turn to the Colorado Constitution's clear title requirement, which seeks to prevent voter confusion and ensure that a title adequately expresses an initiative's intended purpose. Finally, we address whether Initiative #156's title satisfies the clear title requirement and conclude that the initiative's title is unclear because it is illogical and confusing. We therefore reverse the Title Board's setting of title for Initiative #156 and return the initiative to the Board.
A. Standard of Review
¶8 "The Title Board is vested with considerable discretion in setting the title and the ballot title and submission clause...." In re Title, Ballot Title & Submission Clause for 2015-2016 #73, 2016 CO 24, ¶ 8, 369 P.3d 565, 567 (quoting In re Title, Ballot Title & Submission Clause for 2013-2014 #90, 2014 CO 63, ¶ 8, 328 P.3d 155, 159 ). In respecting that discretion, "we employ all legitimate presumptions in favor of the propriety of the [Title] Board's actions." In re Title, Ballot Title & Submission Clause for 2013-2014 #89, 2014 CO 66, ¶ 8, 328 P.3d 172, 176 (quoting In re Title, Ballot Title & Submission Clause for 2009-2010 #45, 234 P.3d 642, 645 (Colo.2010) ). Thus, when reviewing titles "for clarity and accuracy, we only reverse the Title Board's decision if the [t]itles are 'insufficient, unfair, or misleading.' " Id. (quoting In re 2009-2010 #45, 234 P.3d at 648 ). In making this determination, "we employ the general rules of statutory construction and accord the language of the proposed ... titles their plain meaning." In re Title, Ballot Title & Submission Clause for 2011-2012 #3, 2012 CO 25, ¶ 8, 274 P.3d 562, 565. Our role is not to consider the merits, efficacy, construction, or future application of a proposed initiative, but instead to determine whether the Title Board fulfilled its duty of ensuring that the initiative, title, and ballot title and submission clause meet constitutional requirements. Id.; In re 2013-2014 #89, ¶ 10, 328 P.3d at 176.
¶9 With these principles in mind, we now discuss the clear title requirement.
B. Clear Title Requirement
¶10 Article V, section 1(5.5) of the Colorado Constitution takes the single-subject and clear-title requirements for bills proposed by the General Assembly and applies those requirements to voter initiatives. See In re Title, Ballot Title & Submission Clause for 1999-2000 #25, 974 P.2d 458, 460-63 (Colo.1999). As pertinent here, subsection 5.5 requires that an initiative's single subject "be clearly expressed in its title." Colo. Const. art. V, § 1 (5.5); In re 2015-2016 #73, ¶ 22, 369 P.3d at 568. A perfect title is not necessary, In re Title, Ballot Title & Submission Clause & Summary for 1999-2000 #29, 972 P.2d 257, 266 (Colo.1999), but the Title Board must, in the process of setting a title, "consider the public confusion that might be caused by misleading titles," "avoid titles for which the general understanding of the effect of a 'yes/for' or 'no/against' vote will be unclear," and "correctly and fairly express the true intent and meaning" of the initiative in the title, § 1-40-106(3)(b); In re 2009-2010 #45, 234 P.3d at 648.
¶11 In sum, the clear title requirement seeks to accomplish two overarching goals: prevent voter confusion and ensure that the title adequately expresses the initiative's intended purpose. If a title accomplishes these goals, the end result is that voters, "whether or not they are familiar with the subject matter of a particular proposal," should be able to "determine intelligently whether to support or oppose the proposal." In re 2015-2016 #73, ¶ 22, 369 P.3d at 568.
¶12 With these considerations in mind, we now consider whether Initiative #156's title is clear.
C. Application
¶13 We conclude that the title set for Initiative #156 does not satisfy the clear title requirement because it is illogical and inherently confusing. Hence, the title does not allow voters "to determine intelligently whether to support or oppose the proposal." Id.
¶14 The main source of potential voter confusion is the fact that, under the title's *154 language, Initiative #156 would prohibit state and local licensing authorities from issuing liquor licenses only to food stores that already have liquor licenses:
A change to the Colorado Revised Statutes prohibiting a state or local licensing authority from granting a liquor license to a food store that offers for sale ... full-strength beer, wine, [or] liquor....
Simply put, this makes no sense. Voters reading this title would be forced to speculate whether the initiative would (1) cause food stores that currently have liquor licenses to lose them, or (2) prohibit such food stores from obtaining a liquor license renewal, or (3) prohibit food stores with licenses to sell marijuana from obtaining liquor licenses,[3] or (4) have some other potential impact entirely. This confusion would hinder voters from ascertaining the initiative's intent and thus would prevent them from intelligently choosing whether to vote "yes/support" or "no/against" on the initiative.
¶15 In reaching our conclusion, we acknowledge that the title substantially tracks language found in the initiative itself and thus may faithfully express the initiative's intent. However, the source of a title's language does not rule out the possibility that the title could cause voter confusion. In re Proposed Initiative on "Obscenity", 877 P.2d 848, 850 (Colo.1994) ; In re 2015-2016 #73, ¶¶ 33-34, 369 P.3d at 570 ; see also In re Title, Ballot Title & Submission Clause & Summary for 1999-2000 #44, 977 P.2d 856, 858 (Colo.1999) ("Here, perhaps because the ... proposed initiative [itself] is difficult to comprehend, the titles ... are not clear."); In re 1999-2000 #29, 972 P.2d at 268 (holding that the Title Board's use of certain language in the proposed initiative actually "reinforce[d] voter confusion about the effect of a 'yes' or 'no' vote"). In this case, the title's muddled language causes confusion and does not help voters understand the effect of a "yes" or "no" vote even though it uses the initiative's own language.
¶16 For the foregoing reasons, we conclude that the title set by the Title Board does not satisfy the clear title requirement.
III. Conclusion
¶17 Because we conclude that the title set for Initiative #156 does not satisfy the clear title requirement, we reverse the Title Board's setting of title for Initiative #156 and return the initiative to the Board.
JUSTICE HOOD dissents, and JUSTICE COATS joins in the dissent.
APPENDIX-Initiative #156 and Titles
Be it Enacted by the People of the State of Colorado:
SECTION 1. In Colorado Revised Statutes, add section 12-47-401.5 as follows:
12-47-401.5. NO MARIJUANA OR LIQUOR IN FOOD STORES-EXCEPTIONS.
(1) NOTWITHSTANDING ANY OTHER PROVISION OF LAW AND CONSISTENT WITH SECTION 16(1)(b) OF ARTICLE XVIII OF THE COLORADO CONSTITUTION , THE STATE OR LOCAL LICENSING AUTHORITY MUST NOT ISSUE A LICENSE TO A FOOD STORE THAT OFFERS FOR SALE, IN SEALED CONTAINERS FOR OFF-PREMISES CONSUMPTION, THE FOLLOWING INTOXICANTS THAT ARE REGULATED PURSUANT TO ARTICLES 43.3, 43.4, AND 47 OF TITLE 12:
(a) MARIJUANA OR MARIJUANA PRODUCT, AS DEFINED IN SECTION 16(2)(f), (k) OF ARTICLE XVIII OF THE COLORADO CONSTITUTION ;
(b) SPIRITUOUS LIQUOR, VINOUS LIQUOR, OR MALT LIQUOR; OR
(c) BOTH.
FOR PURPOSES OF THIS SECTION, A "FOOD STORE" MEANS ANY ESTABLISHMENT THAT OFFERS FOR SALE FOOD ITEMS AT A RETAIL PREMISES, PROVIDED THAT 15% OR MORE OF THE GROSS ANNUAL INCOME FROM ITS TOTAL SALES IS DERIVED FROM THE SALE OF FOOD ITEMS .
*155 (2) AS AUTHORIZED BY SECTION 12-47-202(1)(b), THE STATE LICENSING AUTHORITY SHALL ADOPT RULES, CONSISTENT WITH THIS PART 4, TO DEFINE "FOOD ITEMS" AND RELATED TERMS. SUCH RULES SHALL BE EFFECTIVE JULY 1, 2017.
SECTION 2. In Colorado Revised Statutes, 12-47-901, add (5)(p) as follows:
12-47-901. Unlawful Acts-Exceptions. (5) It is unlawful for any person to sell at retail pursuant to this article:
(p) FOR OFF-PREMISES CONSUMPTION, SEALED CONTAINERS THAT CONTAIN MALT, VINOUS, OR SPIRITUOUS LIQUORS OR MARIJUANA OR MARIJUANA PRODUCT AT A FOOD STORE.
SECTION 3. In Colorado Revised Statutes, 12-47-903, amend (2.5) as follows:
12-47-901 [sic]. Violations-Penalties. (2.5) A person violating the provisions of section 12-47-901(1)(a.5) OR (5)(p) commits a class 1 misdemeanor and shall be punished as provided in section 18-1.3-501, C.R.S.
SECTION 4. This act takes effect January 1, 2017.
Ballot Title Setting Board
Proposed Initiative 2015-2016 #156
The title as designated and fixed by the Board is as follows:
A change to the Colorado Revised Statutes prohibiting a state or local licensing authority from granting a liquor license to a food store that offers for sale, in sealed containers for off-premises consumption, full-strength beer, wine, liquor, marijuana, or marijuana products.
The ballot title and submission clause as designated and fixed by the Board is as follows:
Shall there be a change to the Colorado Revised Statutes prohibiting a state or local licensing authority from granting a liquor license to a food store that offers for sale, in sealed containers for off-premises consumption, full-strength beer, wine, liquor, marijuana, or marijuana products?

Initiative #156's text, title, and ballot title and submission clause are attached as an appendix to this opinion.

Because the initiative's title does not satisfy the clear title requirement, we need not consider whether the initiative also violates the single subject requirement. See In re Title, Ballot Title & Submission Clause for 2009-2010 #91, 235 P.3d 1071, 1074 (Colo.2010) (reversing the Title Board's decision on one basis and declining to address the petitioner's other argument for reversal).

The record in this case does not indicate whether any food stores in Colorado have a license to sell marijuana or marijuana products. However, whether such food stores actually exist is irrelevant to our analysis because our role here is simply to assess the title's clarity and the risk of causing voter confusion, not to probe the initiative's "efficacy, construction, or future application." In re Title, Ballot Title & Submission Clause & Summary for 1999-2000 #200A, 992 P.2d 27, 30 (Colo.2000).