No. 18,566.

Arthur R. Say, et al. *v.* George J. Baker, Secretary of State, et al.
(322 P. [2d] 317)

Decided February 28, 1958.

Messrs. BOZEMAN & LONGWAY, for petitioners.

Mr. CHARLES A. GRAHAM, Mr. WAYNE D. WILLIAMS, Mr. ROBERT F. MAY, Amici Curiae.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

IN this original proceeding petitioners seek review of the action of the secretary of state, the attorney general and the reporter of the Supreme Court in fixing the ballot title and submission clause to a proposed initiative amendment to the Constitution of Colorado.

The amendment which petitioners propose to submit to the people by way of initiated petition is as follows:

"Be It Enacted by the People of the State of Colorado:

"Article II of the Constitution of the State of Colorado is hereby amended by adding thereto a new section reading:

"Section 29. No person shall be denied the freedom to obtain or retain employment because of membership or non-membership in any labor union or labor organization; nor shall the State of Colorado or any subdivision thereof, or any individual, corporation, agent, employee representation committee, or any kind of association enter into or extend any contract, agreement, or understanding, written or oral, which excludes any person from employment or continuation of employment because of membership or non-membership in any labor union or labor organization."

Pursuant to the pertinent statute the secretary of state, the attorney general and the reporter of the Supreme Court prepared a ballot title and submission clause, to which petitioners made objection. Upon hearing the

objection the ballot title and submission clause was duly amended to read as follows:

"AN ACT TO AMEND ARTICLE 2.OF THE STATE CONSTITUTION, BY ADDING A NEW SECTION THERETO PROVIDING THAT MEMBERSHIP OR NON-MEMBERSHIP IN ANY LABOR UNION OR LABOR ORGANIZATION SHALL NOT BE CAUSE FOR DENYING EMPLOYMENT TO ANY PERSON; AND PROVIDING THAT NO AGREEMENT SHALL BE ENTERED INTO REQUIRING SUCH MEMBER-SHIP OR NON-MEMBERSHIP AS A CONDITION OF EMPLOYMENT."

Petitioners assert in this court that:

"The Ballot title and submission clause are unfair and do not fairly express the true meaning and intent of the proposed constitutional amendment. They are not clearly stated in language identifiable with or expressive of the proposed amendment. They should further contain the words 'Freedom to Work' consistent with similar expressions of protection of liberty and individual dignity found in the Bill of Rights. * * *"

They urge the assignment of a ballot title and submission clause as follows:

"AN ACT TO AMEND ARTICLE II OF THE STATE CONSTITUTION TO GUARANTEE FREEDOM TO WORK REGARDLESS OF MEMBERSHIP OR NON-MEMBERSHIP IN ANY LABOR ORGANIZATION, AND TO PROHIBIT CONTRACTS DENYING SUCH FREEDOM."

Pertinent parts of the statute relating to the question are to be found in C.R.S. 1953, 70-1-1, as follows:

"Within three days after such submission, the secretary of state shall call to his assistance the attorney general and the reporter of the supreme court, the three of whom, a majority controlling, shall designate and fix a proper fair title for said proposed law or constitutional amendment within five days thereafter, also its ballot title and submission clause, which shall correctly and

fairly express the true intent and meaning of the law or constitutional amendment, and immediately thereafter he shall deliver the same with the original to the parties presenting it, keeping the copy with a record of the action taken thereon. Ballot titles shall be brief and shall not conflict with those previously selected for any petition previously filed for the same election.

"If any persons presenting such initiative petition are not satisfied with the titles and submission clause thus provided and claim them to be unfair or that they do not fairly express the true meaning and intent of the proposed law or constitutional amendment, within forty-eight hours after its return, they may file a motion with the secretary of state for a rehearing, which shall be passed upon by said board within forty-eight hours thereafter, and if overruled, upon request, a certified copy of said petition with the titles and submission clause of such proposed law or constitutional amendment, together with a certified copy of such motion for rehearing and of the ruling thereon, shall be furnished them by the secretary of state, and, if filed with the clerk of the supreme court within five days thereafter, shall be docketed as a cause there pending, which shall be placed at the head of the calendar and disposed of summarily, either affirming the action of said board or reversing it, in which case the court shall remand it with instructions, pointing out wherein said board is in error."

### Question to be Determined.

*Does the ballot title and submission clause as finally prepared by the secretary of state, the attorney general and the Supreme Court reporter, fairly express the true intent and meaning of the proposed constitutional amendment?*

The question is answered in the affirmative. In *Brownlow, et al. v. Wunsch, et al.,* 103 Colo. 120, 83 P. (2d) 775, this court stated, inter alia:

"While counsel for protestants, doubtless influenced by their zeal in the presentation of their contentions, to

some extent have overlooked the circumstance, in a proceeding of this character, it nevertheless is certain that neither the secretary of state nor any reviewing court should be concerned with the merit or lack of merit of a proposed constitutional amendment, since under our system of government the resolution of these questions, when the formalities for submission have been met, rests with the electorate."

█ It is the duty of those to whom the duty is assigned to prepare a title to an initiated measure, to use such language as shall "correctly and fairly express the true intent and meaning" of the proposal to be submitted to the voters.

█ The action of the statutory board empowered to fix the ballot title and submission clause is presumptively valid, and those who contend to the contrary must show wherein the assigned title does not meet the statutory requirement. No such showing is made in the instant case.

In a carefully considered opinion written for a unanimous court, the Supreme Court of California had occasion to consider a title fixed by the attorney general pursuant to a statute, and expressed this principle in clear language as follows:

"In approaching the question as to whether the title so prepared is a proper one all legitimate presumptions should be indulged in favor of the propriety of the attorney-general's actions. Only in a clear case should a title so prepared be held insufficient. Stated another way, if reasonable minds may differ as to the sufficiency of the title, the title should be held to be sufficient. These rules of construction are in accord with the fundamental concept that provisions relating to the initiative should be liberally construed to permit, if possible, the exercise by the electors of this most important privilege."

*Epperson v. Jordan,* 12 Cal. (2d) 61, 82 P. (2d) 445. From this principle its further follows, as the Oregon

court remarked in *Wieder v. Hoss,* 143 Or. 122, 21 P. (2d) 780, that:

"The mere fact that after an appeal has been taken and we have had the benefit of the additional labor bestowed upon the ballot title by counsel we may be able to write a better ballot title than the one prepared by the Attorney General constitutes no reason for discarding his title. The purpose of the appeal is not to secure for the bill the best possible ballot title, but to eliminate one that is 'insufficient or unfair,' if it should develop that the one submitted by the Attorney General is of that kind."

We are satisfied that the board acted wisely in refusing to use words in the title which would tend to color the merit of the proposal on one side or the other. Catch phrases or words which could form the basis of a slogan for use by those who expect to carry on a campaign for or against an initiated constitutional amendment should be carefully avoided by the board in writing the ballot title and submission clause. In the instant case the assigned ballot title is adequate, and fully complies with the mandate of the statute.

The action of the respondents is affirmed and the ballot title and submission clause is approved as finally written.

MR. JUSTICE SUTTON and MR. JUSTICE HALL not participating.