No. 19,526.

HUBERT D. HENRY *v.* GEORGE J. BAKER, SECRETARY OF STATE, ET AL.
(354 P. [2d] 490)

Decided July 21, 1960.

Mr. HUBERT D. HENRY, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. JOHN W. PATTERSON, Assistant, for respondent members of the Statutory Board.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THIS is an original proceeding under the provisions of C.R.S. '53, 70-1-3. It appears that pursuant to C.R.S. '53, 70-1-1, respondents, as proponents, submitted to the Secretary of State a proposed amendment to the State Constitution following which the statutory ballot title board, consisting of the Secretary of State, the Attorney General and the Reporter of the Supreme Court fixed a title and submission clause for the proposed amendment.

The title clause so fixed reads as follows:

"AN ACT TO AMEND ARTICLE X, SECTION 7 OF THE CONSTITUTION OF THE STATE OF COLORADO, RELATING TO LOCAL TAXATION BY COUNTIES; CITIES AND COUNTIES; CITIES; AND TOWNS."

The ballot submission clause as fixed by the Board reads as follows:

"AN ACT TO AMEND ARTICLE X, SECTION 7 OF THE CONSTITUTION OF THE STATE OF COLORADO TO AUTHORIZE THE GENERAL ASSEMBLY TO VEST IN COUNTIES, CITIES AND COUNTIES, CITIES, AND TOWNS THE POWER TO IMPOSE A RETAIL SALES AND USE TAX FOR LOCAL PURPOSES ON TANGIBLE PERSONAL PROPERTY, EXCEPT DRUGS AND FOOD FOR OFF-PREMISES CONSUMPTION, AND PERMITTING REPLACEMENT OF GENERAL REAL ESTATE OR OTHER TAXES."

Petitioner has not furnished us with a proposed submission title. His objections go largely to what he claims

are limitations on the authority given the various political subdivisions of the state, which, upon adoption of the amendment, would be curtailed in their taxing authority under the proposal.

In *Say v. Baker,* 137 Colo. 155, 322 P. (2d) 317, this court said: "We are satisfied that the board acted wisely in refusing to use words in the title which would tend to color the merit of the proposal on one side or the other. Catch phrases or words which would form the basis of a slogan for use by those who expect to carry on a campaign for or against an initiated constitutional amendment should be carefully avoided * * *."

We observe nothing in the title of the Act as proposed by the Board, or its submission clause as suggested by the Board, which do not fairly state the object of the amendment, save and except the words "and permitting replacement of general real estate or other taxes." appearing at the end of the submission clause. Local taxing authorities have inherent power to reduce taxes without the "permission" mentioned in the submission clause.

In this respect the submission clause is disapproved and the matter is remanded to the Board with instructions to revise the submission clause by eliminating the catch phrase above quoted, which language was frankly admitted by counsel for the proponents of the amendment to be "bait."

MR. JUSTICE HALL and MR. JUSTICE DAY not participating.