**In the Matter of the TITLE, BALLOT TITLE AND SUBMISSION CLAUSE, AND SUMMARY FOR 1999–00 ## 245(f) and 245(g).**

**Bennett S. Aisenberg, Petitioner,**

**v.**

**Douglas Campbell and Mark Dorn, Respondents,**

**and**

**William Hobbs, Michael McLachlan, and Charles W. Pike, Title Board.**

**No. 00SA49.**

Supreme Court of Colorado, En Banc.

May 15, 2000.

Susan E. Burch, Denver, Attorney for Petitioner.

Douglas Campbell, pro se, Arvada.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney, General, Alan J. Gilbert, Solicitor General, Maurice G. Knaizer, Deputy Attorney General, State Services Section, Denver, Colorado Attorneys for Title Board.

Justice RICE delivered the Opinion of the Court.

In this original proceeding brought pursuant to section 1–40–107(2), 1 C.R.S. (1999), Petitioner, Bennett S. Aisenberg, seeks review of the Initiative Title Setting Board's (Title Board or Board) February 2, 2000 action in fixing the title, ballot title and submission clause (titles), and summary for two proposed ballot initiatives designated "1999–2000 # 245(f)" and "1999–2000 # 245(g)" (Initiatives). The Initiatives propose to amend article VI of the Colorado Constitution by adding a new section 6, and to repeal several other provisions. Because we conclude that the Initiatives contain only one subject and the titles set by the Board clearly and correctly express the subject of the proposals, we affirm the action of the Title Board.

## I. Facts and Procedural History

On January 21, 2000, Douglas Campbell and Mark Dorn, Proponents of Initiatives

245(f) and (g),[1] (Proponents) submitted proposed Initiatives to the Title Board for the purpose of setting titles. On February 2, 2000, the Board fixed the titles. On February 9, 2000, Petitioner filed a motion for rehearing, alleging eleven deficiencies in the titles relating to the single-subject requirement and the clear titles requirement. On February 16, 2000, the Board heard Petitioner's motion, granted a rehearing on allegations 3, 8, and 10, denied rehearing on all others, and reset the titles. On February 22, 2000, Petitioner filed this petition for review with the court, asking us to find that the proposals contain more than one subject in violation of article V, section 1(5.5) of the Colorado Constitution and that the titles fixed by the Board do not clearly, accurately, and fairly express the subject of the proposals. We address these concerns in turn.

## II. Standard of Review

■ The Colorado Constitution reserves to the people the power to propose and enact amendments to the constitution. *See* Colo. Const. art. V, §§ 1(1), (2). Article 40 of the Colorado Revised Statutes, spanning sections 1–40–101 to –134, 1 C.R.S. (1999), governs the initiative process in Colorado. The legislative intent of article 40 primarily is to make the initiative process fair and impartial. *See* § 1–40–101; *Montero v. Meyer*, 13 F.3d 1444, 1449 (10th Cir.1994). To that end, the General Assembly has assigned to the Title Board the duties of designating and fixing a title and submission clause for each proposed law or constitutional amendment. *See* § 1–40–106(1). In fixing such titles, the Board is charged with considering whether a proposal addresses incongruous subjects in the same measure and rejecting any proposals that do so. If the Board determines that the proposal touches on a single subject, the Board then prepares a clear and concise summary of the proposal. *See* § 1–40–106.5(1)(e)(II); *see also In re 1999–2000 No. 29*, 972 P.2d 257, 260 (Colo.1999).

■ Upon review, we treat the actions of the Board as presumptively valid. *See In re 1999–2000 # 104*, 987 P.2d 249, 254 (Colo. 1999); *Say v. Baker*, 137 Colo. 155, 159, 322 P.2d 317, 319 (1958). We will not address the merits of a proposed initiative, interpret its language, or predict its application. *See In re # 104*, 987 P.2d at 254.

## III. Single–Subject Requirement

■ The Board may not set the titles of a proposed initiative or submit it to the voters if it contains multiple subjects. *See* Colo. Const. art. V, § 1(5.5); *In re # 104*, 987 P.2d at 254. A proposed initiative violates the single-subject requirement if it has "at least two distinct and separate purposes which are not dependent upon or connected with each other." *In re "Public Rights in Waters II."*, 898 P.2d 1076, 1078–79 (Colo.1995).

Petitioner alleges that the proposed Initiatives violate the single-subject requirement on three separate grounds: (1) the section of the proposal prohibiting any "magistrate, commissioner, referree [sic], or other person who is not a judge" from serving in a case without the written consent of all parties affects personnel other than judicial officers; (2) this prohibition applies to personnel of the county court of the City and County of Denver; and (3) the repeal of sections 14 and 15 of article VI, relating to probate and juvenile courts, affects more than the qualifications of judicial officers. We address these challenges in turn.

### A.

The proposed Initiatives state: "A magistrate, commissioner, referree [sic], or other person who is not a judge shall not serve without the written consent of all parties to a case." Petitioner argues that "[t]he inclusion of magistrates, referees, commissioners, and other persons not judges in the prohibition against service without written consent of all parties extends the prohibition to all court personnel, including clerks, bailiffs, and reporters, and has no connection to the subject of selection, retention, and removal of judicial officers."

---

1. The title, ballot title and submission clause, and summary of Initiatives 245(f) and (g) are at-   tached hereto as an appendix.

■ First, we note that the application of the prohibition to magistrates, commissioners, and referees[2] clearly falls within the subject of the selection, retention, and removal of judicial officers. Petitioner does not contend otherwise. Magistrates perform some of the same functions that judges perform and are at all times subject to the direction and supervision of a chief or presiding judge. *See* C.R.M. 1.

■ Second, we find that the challenged language in the Initiatives does not encompass judicial employees such as clerks, bailiffs, and reporters, and therefore does not present a second subject. The "written consent" requirement clearly is limited to those individuals who by law are authorized to serve in a judicial capacity. Judicial personnel such as clerks, bailiffs, and reporters do not "serve" as judicial officers on any case. They are employees of the judicial branch who aid in the administration of the courts. *See* Colo. Const. art. VI, § 5(3). As such, the Initiatives' requirement that written consent be obtained before a "magistrate, commissioner, referree [sic], or other person who is not a judge" serve on a case is not a second subject.

### B.

Petitioner also alleges that the Initiative's "written consent" prohibition also applies to personnel of the county court of the City and County of Denver. This argument is resolved by our analysis in III.A., *supra*, finding that the prohibition does not apply to judicial personnel. Although the prohibition does apply to magistrates, any magistrates within the county court of the City and County of Denver are encompassed in the "section 26 judges" exception because any magistrates serving in these courts are subject to the direction and supervision of the section 26 judges. *See* C.R.M. 1; *see also* C.R.M. 4(c) (stating that "all magistrates shall be appointed, evaluated, retained, discharged, and disciplined ... by the chief or presiding judge of the district, with the concurrence of the chief justice").

### C.

■ Petitioner argues that the Initiatives create a second subject because they contain provisions repealing sections 14 and 15 of article VI of the Colorado Constitution, which relate to the jurisdiction and expansion of probate and juvenile courts. Petitioner erroneously cites *In re # 104* as holding that both of these provisions violate the single-subject requirement. In fact, this court in *In re # 104*, addressed and rejected a similar argument by Petitioner. *See* 987 P.2d at 258. In that case, Petitioner alleged that the proposal created a second subject because it eliminated the probate and juvenile courts of the City and County of Denver. We held that the proposed initiative did not seek to abolish the probate and juvenile courts. Here, we similarly hold that the Initiatives at issue do not affect the subjects of the jurisdiction or expansion of the probate or juvenile courts.

Even if section 14 is repealed, the probate court retains exclusive jurisdiction over probate matters in the City and County of Denver through article VI, section 9(3) of the Colorado Constitution and the legislature retains authority to increase the number of judges. Similarly, the repeal of section 15 would not abolish the jurisdiction of juvenile courts; the legislature still retains the authority to establish juvenile courts and increase the number of juvenile court judges. *See* Colo. Const. art. VI, § 10(4).

Accordingly, we find that the proposed Initiatives contain only one subject.

### IV. Clear Titles Requirement

■ In setting the titles, the Board must "correctly and fairly express the true intent and meaning" of the proposed initiative and must "consider the public confusion that might be caused by misleading titles." § 1–40–106(3)(b). We again note that the Board's actions are presumptively valid and this presumption precludes this court from second-guessing every decision the Board makes in setting titles. *See In re # 104*, 987 P.2d at 254; *Baker*, 137 Colo. at 159, 322 P.2d at 319.

---

2. For the sake of brevity, these three titles will be    referred to as "magistrates."

First, Petitioner contends that the titles do not clearly express that Denver County judges are exempt from the measures because the exemption is noted near the end of the title. We reject this contention. The reference to Denver County judges is logically placed in the titles with related information about who is a "judge," and therefore is impacted by the provisions of the proposed Initiatives.

Second, Petitioner argues that the titles state that the Initiatives prohibit certain persons from serving as active or senior judges, but that the Initiatives actually identify four circumstances that prevent a person from serving as an active or senior judge. The Initiatives prohibit any person from serving as an active or senior judge after (1) mandatory retirement age; (2) removal by discipline or election; (3) resignation with a retention or removal election pending; or (4) defeat for retention. Petitioner's argument is one of semantics; the four prohibitions can be viewed equally as either four circumstances in which a person cannot serve or as four categories of people who cannot serve. This argument is without merit.

Third, Petitioner asserts that the titles for Initiative 245(g) are misleading because they state that the definition of "judge" does not include "judges and magistrates of the county court of the City and County of Denver," but that the Initiative states only that "judge" excludes "section 26 judges." This argument is precluded by our earlier analysis that any magistrates within the county court of the City and County of Denver are encompassed in the "section 26 judges" exception because any magistrates serving in these courts are subject to the direction and supervision of the section 26 judges. *See* C.R.M. 1. Accordingly, we find that the titles to Initiative 245(g) defining "judge" as not including judges and magistrates of the county court of the City and County of Denver are not misleading.

Fourth, Petitioner argues that the titles should have stated whether the information sent to voters pursuant to the Initiatives is required for elections occurring under article VI, section 25 of the Colorado Constitution, or only those under section 6. The language in the titles referring to voter information booklets indicates that such information will be disbursed "[f]or each such judge facing a retention or removal election." This language clearly indicates that the proposed Initiatives will affect section 25, which governs retention elections.

Fifth, Petitioner asserts that the summary of each Initiative inaccurately defines judges to include all supreme court justices, court of appeals judges, and county and district court judges, including probate, juvenile, and water court judges. In particular, Petitioner argues that the definitional language of the proposed Initiatives omits any reference to the court of appeals judges or the probate, juvenile, or water court judges. We find this argument unpersuasive. The language of the Initiatives clearly indicates that court of appeals, probate, juvenile, and water court judges are governed by provisions of the Initiatives. The definitional language in clause 4 of the Initiatives, to which Petitioner refers, is particularized language explaining who is "also" included in the definition of "judge," and who is explicitly excluded. Notably, court of appeals, probate, juvenile, and water court judges are not indicated as judges who are explicitly excluded. As such, the language of the titles is not untrue or misleading regarding the definition of "judge," as employed in the Initiatives.

Sixth, Petitioner argues that the summary of Initiative 245(f) is misleading because it does not mention the repeal of the five-year attorney licensure requirement until the end of the summary, and it is not explicitly stated. However, the repeal of this requirement is indicated in the section of the summary dealing with terms of qualification, and is emphasized by a typographical bullet. Accordingly, we reject this contention.

Finally, Petitioner alleges that the summaries for both Initiatives inaccurately state that when a judge is retained or not removed by a vote of less than 60%, he "is only retained or not removed until the next annual election." The Initiatives themselves state that under these circumstances, a judge is retained "only until the next No-

vember 15 after the next yearly state election date." The proponent explained at the February 2, 2000 hearing, that if a judge receives a majority of the vote but less than 60%, he retains his office until the next annual election. If, at the next annual election, he receives greater than 60% of the vote, he retains his office for his full term. If, instead, he again receives a majority vote of less than 60%, he again retains his office until the next annual election. However, if he receives less than a majority vote, he is removed from office on the November 15 following the election. We believe that the Board's description that when a judge is retained by a vote of less than 60%, he "is only retained or not removed until the next annual election" adequately summarizes this procedure. Accordingly, we reject Petitioner's contention on the ground that the Board is not required to include every aspect of a proposal in the title and submission clause, to discuss every possible effect, or provide specific explanations of the measure. *See In re Petition on Campaign and Political Finance*, 877 P.2d 311, 313 (Colo.1994).

### V. Conclusion

Any remaining arguments raised by Petitioner are without merit. Accordingly, we affirm the action of the Title Board in setting titles for Initiatives 245(f) and (g) because the Initiatives contain only one subject and the titles set by the Board clearly and correctly express the subject of the Initiatives.

### APPENDIX

**Proposed Initiative "1999–2000 # 245(f)"[1]**

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT STATE COURT JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT CON-

STITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES AND DISTRICT COURT JUDGES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; REQUIRING ANY JUDGE WHO IS CONVICTED OF CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES OR FROM SERVING WITHOUT THE WRITTEN CONSENT OF PARTIES TO THE CASE; DEFINING "JUDGES" TO INCLUDE JUSTICES, AND TO EXCLUDE JUDGES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT STATE COURT JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT CONSTITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES AND DISTRICT COURT JUDGES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; REQUIRING ANY JUDGE WHO IS CONVICTED OF

---

**1.** State Judicial Personnel–Selection, Retention and Removal

CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES OR FROM SERVING WITHOUT THE WRITTEN CONSENT OF PARTIES TO THE CASE; DEFINING "JUDGES" TO INCLUDE JUSTICES, AND TO EXCLUDE JUDGES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT?

The summary prepared by the Board is as follows:

This measure amends the Colorado constitution and defines "judges" to include all justices of the supreme court, judges of the court of appeals, and county and district court judges, including juvenile, probate, and water court judges, but excluding judges of the county court of the city and county of Denver. It would limit future terms of such judges to four years and prohibit such judges from serving more than three future terms at each court level. The measure provides that any future partial term constitutes a full term. It also provides that any such judge who has served eight years or more at a judicial level is only eligible to serve one additional term at that level. It establishes that juvenile, probate, water, and district courts are deemed to be all one level. The measure provides that no one shall ever serve as an active or senior judge after mandatory retirement age, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention and that no one shall serve as a senior judge after being term-limited. It would also prohibit a senior judge, magistrate, commissioner, referee, or any other person who is not a judge from serving without the written consent of all parties to the case.

The measure changes the manner in which all state court justices and judges, except for judges of the county court of the city and county of Denver, are selected by allowing the governor to appoint any qualified elector who resides in the court district even if the person was not recommended by a judicial nominating commission. The measure would prohibit any such judge from taking office until approved by the senate following a public hearing held after at least fourteen-days' notice. It requires all such judges to face a retention election in the first annual state election at least ninety days following approval by the senate. The measure would suspend without pay any such judge convicted of a felony or misdemeanor and require the judge to face a retention election in the next November election more that ninety days following the conviction or finding.

The measure would require a removal election if signatures equal to five percent of the total votes cast in the court district for the office of secretary of state are collected within twelve months on petitions requesting the removal of any such active or senior judge. The measure provides procedures for the approval of petition entries including a presumption of validity of the entries, prohibiting the use of random sampling, and allowing only petitioners to appeal. It also provides that more than one member of the same court may be listed on a single petition and prohibits the listing of reasons for or against retention or removal on the petition or the ballot.

If such a judge is retained or not removed by a majority vote of fewer than sixty percent, the measure provides that the judge is only retained or not removed until the next annual election.

The measure would require that future appellate court opinions be public and on the internet within five days. It would require that calendar year information concerning the caseload, case resolution time, continuances, hours of attendance, and criminal sen-

tencing information for each such judge be made public and on the internet by the following March 1.

For each such judge facing a retention or removal election, the measure would require that ballot information booklets and mailed election notices contain only a true summary of the prior year's record, a statement in favor of the incumbent, and a summary of comments mailed or filed by any person or group against retention or for removal. It would prohibit the mentioning or publication of any judicial performance commission review.

The measure states that it shall be strictly construed and shall supersede any other conflicting law. It provides that any Colorado resident or group has standing to enforce its provisions, that the Colorado supreme court shall hear and decide any case concerning its enforcement, and that legal fees and costs shall be paid only to successful plaintiffs who seek to enforce the measure.

The measure would repeal certain provisions of the Colorado constitution including:

• The terms of office and qualifications for supreme court justices, district court judges, probate court judges, and juvenile court judges, including the requirement that such justices and judges be licensed to practice law for at least five years.

• The appointments of judges and justices from a list of nominees submitted by a judicial nominating commission.

Finally, the measure amends article VI, section 13 of the state constitution to retain within the qualifications of district attorneys that the person have been licensed to practice law for five years.

The Department of Local Affairs believes that the provisions of the measure dealing with removal and additional retention elections, requiring certain information to be mailed to voters, making judges' records computer accessible, and requiring the award of attorney fees to successful plaintiffs would result in some indeterminate negative fiscal impact on counties.

The Office of State Planning and Budgeting believes that the provisions of this measure would drive significant additional costs for making records computer accessible, recall petitions and elections, and distribution of ballot information booklets. The amount of the additional costs would vary in any given year and cannot be accurately measured.

Hearing February 2, 2000:

Single subject approved; staff draft amended; titles and summary set.

Hearing adjourned 4:44 p.m.

Hearing February 16, 2000:

Motion for Rehearing granted in part and denied in part; titles and summary amended.

Hearing adjourned 2:42 p.m.

The text of Initiative # 245(f) is as follows:

Be it Enacted by the People of the State of Colorado:

Section 1. Article VI of the state constitution is amended to add:

**Section 6. State judicial personnel – selection, retention, and removal.** After November 6, 2000:

(1) **Term limits.** Future terms of office for all active county, district, probate, juvenile, water, court of appeals, and supreme court judges shall be four years, except for a shorter first term for each office, and shall end on November 15 of an even-numbered year. At each level, no one shall serve more than three future terms of office. All district, probate, juvenile, and water courts combined shall be deemed one level. Any future partial term, including completing a term of another judge, shall also be a term of office. Anyone who has served eight years or more at one level shall be eligible for only one future term at that level.

(2) **Selection.** The governor shall appoint all future active county, district, probate, juvenile, water, court of appeals, and supreme court judges; and all senior judges for service up to 90 court days in any 12 months. No one shall take office without senate approval following a hearing with public testimony, held 14 days or more after public notice. Active and sen-

ior judges need not be chosen from a nominating commission list, but shall be qualified electors residing in the court district they are serving. If senate-approved, active judges shall face an election on the next yearly state election date at least 90 days later.

(3) **Retention and removal. (a)** Despite any appeal, sentence delay, or other excuse, any misdemeanor or felony conviction shall suspend active and senior judges without pay, and compel a retention vote on the next yearly state election date at least 90 days later. Active and senior judges shall also be subject to removal on the next yearly state election date at lease 90 days after petition forms circulated by any adult state residents are filed with entries collected within 12 months, of registered electors in that court district equal in number to 5% of the general election votes last cast in that district for all secretary of state candidates. Completed entries with an attached circulator oath are deemed valid unless incumbents, within 14 days after entry filing, prove enough entries invalid. Random sampling is prohibited. Absent systematic fraud, if a petition be invalidated, petitioners shall then have 14 days to file more entries made at any time. Third filings are barred. Only petitioners may appeal, and shall prevail unless the supreme court affirms on the merits, giving no weight to appealed findings, within 14 days of the appeal filing. One or more members of the same court may be named in the same petition without increasing required entries, but ballot questions and other procedures shall be separate. Delivery by the election official of a master petition form, conclusively valid, shall begin the collection period. No petition or ballot shall list reasons for or against retention or removal.

(b) To inform potential voters at any retention or removal election: all future appellate opinions shall be public and on the internet within five days; complete calendar year records on caseload, case resolution time, continuances, hours of courthouse attendance daily, and criminal sentencing by each judge shall be public and on the internet by the next March 1; and, in 12–point or larger type, ballot information booklets and mailed election notices shall include all convictions defined in (a), a true summary of the latest yearly record, and up to 500 words each for the incumbent and for a true summary by the election official of all comments against retention or for removal, which may be filed or mailed by any person or group six weeks or more before the election. No judicial performance commission review shall be mentioned or published. A majority under 60% shall retain that incumbent, or delay removal, only until the next November 15 after the next yearly state election date.

(4) **Enforcement.** "Judge" also includes a justice, but excludes section 26 judges. "Senior judge" also includes a temporary or retired judge. Section 6 shall be strictly construed; good faith and substantial compliance are insufficient. Its provisions are severable and self-executing, and shall not be balanced or harmonized with, but shall supersede, conflicting laws. Any person or group shall have standing to enforce section 6. Suits shall be filed in and orally argued before the supreme court and, except (3)(a) appeals, decided within 60 days of filing. Attorney fees and costs shall always be paid only to successful plaintiffs seeking to enforce section 6. No one shall ever serve as an active or senior judge after mandatory retirement age, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention. No one shall ever serve as a senior judge without the written consent of all parties to a case or after being term-limited. A magistrate, commissioner, referee, or other person who is not a judge shall not serve without the written consent of all parties to a case.

Section 2. Article VI, sections 7, 8, 11, 14, 15, 20(1), 20(3), and the second sentence of 10(2) of the state constitution are repealed November 7, 2000.

Section 3. The third sentence of article VI, section 13 is repealed and re-enacted on November 7, 2000, to read: To be eligible to the office of the district attorney at

the time of election, a person shall have been licensed to practice law in this state for five years and shall possess all the qualifications of a district court judge as provided in this article. ·

**Proponents:** Douglas Campbell P.O. Box 1776 Arvada, Colorado [80001] Mark Dorn P.O. Box 1776 Arvada, Colorado [80001]

### Proposed Initiative on "1999– 2000—# 245(g)"[1]

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT STATE COURT JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT CONSTITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; REQUIRING ANY JUDGE WHO IS CONVICTED OF CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES, MAGISTRATES, COMMISSIONERS, OR REFEREES; DEFINING "JUDGES" TO INCLUDE JUSTICES, AND TO EXCLUDE JUDGES AND MAGISTRATES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION CONCERNING JUDICIAL PERSONNEL, AND, IN CONNECTION THEREWITH, LIMITING FUTURE TERMS OF OFFICE FOR STATE COURT JUDGES; PROVIDING THAT THE GOVERNOR APPOINT STATE COURT JUDGES, SUBJECT TO SENATE AND VOTER APPROVAL; ELIMINATING THE PRESENT CONSTITUTIONAL REQUIREMENTS THAT SUPREME COURT JUSTICES BE LICENSED TO PRACTICE LAW IN COLORADO FOR AT LEAST FIVE YEARS; REQUIRING ANY JUDGE WHO IS CONVICTED OF CERTAIN CRIMES OR IS THE SUBJECT OF A REMOVAL PETITION TO STAND FOR ELECTION; PROVIDING THAT ANY JUDGE RECEIVING A MAJORITY VOTE UNDER 60% IS RETAINED OR NOT REMOVED FOR ONE YEAR ONLY; REQUIRING RECORDS AND REPORTS ON EACH JUDGE TO BE PUBLIC AND ON THE INTERNET; REQUIRING THAT VOTERS RECEIVE SPECIFIED INFORMATION ON EACH JUDGE STANDING FOR ELECTION; PROHIBITING CERTAIN PERSONS FROM SERVING AS ACTIVE OR SENIOR JUDGES, MAGISTRATES, COMMISSIONERS, OR REFEREES; DEFINING "JUDGES" TO INCLUDE JUSTICES, AND TO EXCLUDE JUDGES AND MAGISTRATES OF THE COUNTY COURT OF THE CITY AND COUNTY OF DENVER; PROVIDING ENFORCEMENT PROCEDURES; AND REPEALING CERTAIN CONSTITUTIONAL PROVISIONS TO CONFORM WITH THIS AMENDMENT?

The summary prepared by the Board is as follows:

1. State Judicial Personnel – Selection, Retention    and Removal

This measure amends the Colorado constitution and defines "judges" to include all justices of the supreme court, judges of the court of appeals, county and district court judges, including juvenile, probate, and water court judges, but excluding judges of the county court of the city and county of Denver. It would limit future terms of such judges to four years and prohibit such judges from serving more than three future terms at each court level. The measure provides that any future partial term constitutes a full term. It also provides that any such judge who has served eight years or more at a judicial level is only eligible to serve one additional term at that level. It establishes that juvenile, probate, water, and district courts are deemed to be all one level. The measure provides that no one shall ever serve as an active or senior judge after mandatory retirement age, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention and that no one shall serve as a senior judge after being term-limited. It would also prohibit a senior judge, magistrate, commissioner, referee, or any other person who is not a judge from serving without the written consent of all parties to the case.

The measure changes the manner in which all state court justices and judges, except for judges of the county court of the city and county of Denver, are selected by allowing the governor to appoint any qualified elector who resides in the court district even if the person was not recommended by the judicial nominating commission. District court judges would still have to be licensed to practice law in Colorado for at least five years but Supreme Court justices would not. The measure would prohibit any such judge from taking office until approved by the senate following a public hearing held after at least fourteen-days' notice. It requires all such judges to face a retention election in the first annual state election at least ninety days following approval by the senate. The measure would suspend without pay any such judge convicted of a felony or misdemeanor and require the judge to face a retention election in the next November election more than ninety days following the conviction or finding.

The measure would require a removal election if signatures equal to five percent of the total votes cast in the court district for the office of secretary of state are collected within twelve months on petitions requesting the removal of any such active or senior judge. The measure provides procedures for the approval of petition entries including a presumption of validity of the entries, prohibiting the use of random sampling, and allowing only petitioners to appeal. It also provides that more than one member of the same court may be listed on a single petition and prohibits the listing of reasons for or against retention or removal on the petition or the ballot.

If such a judge is retained or not removed by a majority vote of fewer than sixty percent, the measure provides that the judge is only retained or not removed until the next annual election.

The measure would require that future appellate court opinions be public and on the internet within five days. It would require that calendar year information concerning the caseload, case resolution time, continuances, hours of attendance, and criminal sentencing information for each such judge be made public and on the internet by the following March 1.

For each such judge facing retention or removal election, the measure would require that ballot information booklets and mailed election notices contain only a true summary of the prior year's record, a statement in favor of the incumbent, and a summary of comments mailed or filed by any person or group against retention or for removal. It would prohibit the mentioning or publication of any judicial performance commission review.

The measure states that it shall be strictly construed and shall supersede any other conflicting law. It also provides that any Colorado resident or group has standing to enforce its provisions, that the Colorado supreme court shall hear and decide any case concerning its enforcement, and that legal fees and costs shall be paid only to success-

ful plaintiffs who seek to enforce the measure.

The measure would repeal certain provisions of the Colorado constitution including:

• The terms of office for district court judges and supreme court justices and qualifications for supreme court justices;

• The appointments of judges and justices from a list of nominees submitted by a judicial nominating commission;

• The requirement that supreme court justices be licensed to practice law for at least five years.

The Department of Local Affairs believes that the provisions of the measure dealing with removal and additional retention elections, requiring certain information to be mailed to voters, making judges' records computer accessible, and requiring the award of attorney fees to successful plaintiffs would result in some indeterminate negative fiscal impact on counties.

The Office of State Planning and Budgeting believes that the provisions of this measure would drive significant additional costs for making records computer accessible, recall petitions and elections, and distribution of ballot information booklets. The amount of additional costs would vary in any given year and cannot be accurately measured.

Hearing February 2, 2000:

Single subject approved; staff draft amended; titles and summary set.

Hearing adjourned 4:41 p.m.

Hearing February 16, 2000:

Motion for rehearing granted in part and denied in part; titles amended.

Hearing adjourned 2:42 p.m.

The text of Initiative # 245(g) is as follows:

Be it Enacted by the People of the State of Colorado:

Section 1. Article VI of the state constitution is amended to add:

**Section 6. State judicial personnel – selection, retention, and removal.** After November 6, 2000:

(1) **Term limits.** Future terms of office for all active county, district, probate, juvenile, water, court of appeals, and supreme court judges shall be four years, except for a shorter first term for each office, and shall end on November 15 of an even-numbered year. At each level, no one shall serve more than three future terms of office. All district, probate, juvenile, and water courts combined shall be deemed one level. Any future partial term, including completing a term of another judge, shall also be a term of office. Anyone who has served eight years or more at one level shall be eligible for only one future term at that level.

(2) **Selection.** The governor shall appoint all future active county, district, probate, juvenile, water, court of appeals, and supreme court judges; and all senior judges for service up to 90 court days in any 12 months. No one shall take office without senate approval following a hearing with public testimony, held 14 days or more after public notice. Active and senior judges need not be chosen from a nominating commission list, but shall be qualified electors residing in the court district they are serving. If senate-approved, active judges shall face an election on the next yearly state election date at least 90 days later.

(3) **Retention and removal.** (a) Despite any appeal, sentence delay, or other excuse, any misdemeanor or felony conviction shall suspend active and senior judges without pay, and compel a retention vote on the next yearly state election date at least 90 days later. Active and senior judges shall also be subject to removal on the next yearly state election date at lease 90 days after petition forms circulated by any adult state residents are filed with entries collected within 12 months, of registered electors in that court district equal in number to 5% of the general election votes last cast in that district for all secretary of state candidates. Completed entries with an attached circulator oath are deemed valid unless incumbents, within 14 days after entry filing, prove enough entries invalid. Random sampling is prohibited. Absent systematic fraud, if a petition

be invalidated, petitioners shall then have 14 days to file more entries made at any time. Third filings are barred. Only petitioners may appeal, and shall prevail unless the supreme court affirms on the merits, giving no weight to appealed findings, within 14 days of the appeal filing. One or more members of the same court may be named in the same petition without increasing required entries, but ballot questions and other procedures shall be separate. Delivery by the election official of a master petition form, conclusively valid, shall begin the collection period. No petition or ballot shall list reasons for or against retention or removal.

(b) To inform potential voters at any retention or removal election: all future appellate opinions shall be public and on the internet within five days; complete calendar year records on caseload, case resolution time, continuances, hours of courthouse attendance daily, and criminal sentencing by each judge shall be public and on the internet by the next March 1; and, in 12–point or larger type, ballot information booklets and mailed election notices shall include all convictions defined in (a), a true summary of the latest yearly record, and up to 500 words each for the incumbent and for a true summary by the election official of all comments against retention or for removal, which may be filed or mailed by any person or group six weeks or more before the election. No judicial performance commission review shall be mentioned or published. A majority under 60% shall retain that incumbent, or delay removal, only until the next November 15 after the next yearly state election date.

(4) **Enforcement.** "Judge" also includes a justice, but excludes section 26 judges. "Senior judge" also includes a temporary or retired judge. Section 6 shall be strictly construed; good faith and substantial compliance are insufficient. Its provisions are severable and self-executing, and shall not be balanced or harmonized with, but shall supersede, conflicting laws. Any person or group shall have standing to enforce

section 6. Suits shall be filed in and orally argued before the supreme court and, except (3)(a) appeals, decided within 60 days of filing. Attorney fees and costs shall always be paid only to successful plaintiffs seeking to enforce section 6. No one shall ever serve as an active or senior judge after mandatory retirement age, removal by discipline or election, resignation with a retention or removal election pending, or defeat for retention. No one shall ever serve as a senior judge without the written consent of all parties to a case or after being term-limited. A magistrate, commissioner, referee, or other person who is not a judge shall not serve without the written consent of all parties to a case.

Section 2. Article VI, sections 7, 8, 14, 15, 20(1), 20(3), and the second sentence of 10(2) of the state constitution are repealed November 7, 2000.

**Proponents:** Douglas Campbell P.O. Box 1776 Arvada, Colorado [80001] Mark Dorn P.O. Box 1776 Arvada, Colorado [80001]